[No. 1310.   Decided July 10, 1894.]

D. H. HARTSON, *Appellant*, v. JOHN L. DALE *et al.*, *Respondents*.

COUNTY COMMISSIONERS — EXTRA SERVICES — ALLOWANCE FOR —
INJUNCTION — APPEAL.

The claim of a county commissioner for services and expenses n attending a session of the state board of equalization in the interests of his county, to prevent an increase in the county valuation by the state board, must be presented to the superior court for allowance by petition, under Laws 1893, p. 176, § 3, and the allowance of such claim by the board of county commissioners is illegal and unauthorized.

The claim of a member of the board of county commissioners for compensation for extra services, when allowed, cannot be ordered paid out of the salary fund.

An appeal from a judgment denying an application for an injunction to prevent a county treasurer from paying a warrant, is not subject to dismissal because of the act of the treasurer in making payment subsequent to the appeal.

*Appeal from Superior Court, Skagit County.*

*Million & Houser*, for appellant.

*Wells & Joiner*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought by appellant as a resident and taxpayer of Skagit county against respondents to cancel and enjoin the payment of a certain warrant issued by the auditor to respondent Dale, an interest in the warrant being claimed by respondent Moody, and Dunlap being made a party that he may be enjoined from paying the warrant as treasurer. The complaint alleges that the respondent Dale is chairman of the board of county commissioners of Skagit county, and that on the 2d day of September, 1893, while acting as such chairman, together with only one other member of the board, and while the board was in session, made an order authorizing respondent Dale to attend the state board of equalization at Olympia, claiming to represent the county of Skagit for the purpose of inducing said state board of equalization not to interfere with the assessment roll of said Skagit county by raising the amount of assessed property of said Skagit county as assessed by the county assessor thereof; that such services rendered by said Dale were not for attendance upon any regular session of the board of county commissioners, but that such services were rendered in fact without any authority of said board of county commissioners; that the said defendant Dale

afterwards presented a bill to the board of county commissioners of Skagit county for $75 for his services in so attending the meeting of the said board of equalization, and that the board of county commissioners unlawfully and without warrant or authority of law allowed and ordered paid to the said Dale the sum of $75, and directed that said sum be paid to said Dale by warrant drawn upon the salary fund of Skagit county; and alleges that the auditor of Skagit county in pursuance of said order did, on·the 28th day of September, 1893, draw his warrant upon said Dunlap as treasurer of said county payable out of the salary fund for the sum of $75 ; that the warrant was duly presented and endorsed by the treasurer, "Presented and not paid for want of funds." The complaint alleges that the plaintiff is a taxpayer of the county of Skagit, and has been for three years last past, and alleges all other necessary qualifications, and asks that the treasurer be restrained from paying the warrant. Respondents interposed a demurrer to the complaint which, upon a hearing by the court, was sustained. The plaintiff electing to stand upon his complaint, a judgment of dismissal was duly entered, and from the judgment the appellant appeals.

Sec. 3 of ch. 75 of the Session Laws of 1893 ( p. 175 ), provides that —

" Whenever a county commissioner of any of the classes of counties mentioned in section two hereof [which embraces the commissioners in this case] shall claim or demand pay or compensation for attendance upon extra sessions of the board of county commissioners, or shall claim or demand pay or compensation for any extra services or expenses, or for any services except the per diem and mileage allowed for attendance upon regular sessions of said board, he shall make out and file with the clerk of the superior court aforesaid, a petition showing in detail the amount claimed, together with a statement of the facts which he claims made such extra services and expenses necessary, which petition shall be verified by the oath of the commissioner claiming thereunder."

And the statute proceeds at length to point out the manner in which said claim shall be examined and passed upon by the court.

It seems to us that the mere citation of this law is sufficient to establish the correctness of appellant's claim that this warrant was issued without authority of law by the commissioners. It is against the policy of the law to allow commissioners to pass upon their own bills where the services rendered are not especially provided for and settled by the law. It is no part of the duty of a commissioner, which is imposed by the law, to visit the state board of equalization in the capacity of a lobbyist in the interests of the county, or in any other capacity; and the law very wisely provides that in the incurring of all such expenses as those incurred in this case by the commissioner, if it could be legally incurred at all—a question upon which it is not now necessary to pass—that a disinterested tribunal should pass upon the amount which such services were worth. That these services were not any part of the services required of the commissioner as a commissioner is admitted and asserted by respondent on page 8 of his brief, where he says:

"These services rendered by respondent Dale not being any of the duties imposed by law upon such an official, his position was the same and no more official than would have been the service of an attorney or other representative appointed for this purpose by the board of county commissioners."

If, then, the services rendered were not official, or the demand for compensation, in the language of the law, "was for any services except the per diem and mileage allowed for attendance upon regular sessions of said board," it plainly falls under the provisions of § 3 above cited, and the claim should have been presented to the tribunal in the manner required in said section.

Again, the order making this demand a claim against

the salary fund is entirely wrong, and the commissioners had no more authority to order it paid out of said fund than any other bill which had been created against the county outside of the salaries of officers provided for in the law creating a salary fund.

There is a supplemental record in this case and a motion to dismiss based upon affidavits showing that since the appeal was taken in this case the warrant in controversy has been paid by the treasurer, but this court refuses to consider this showing, for it seems to us it would be extremely inequitable to allow any subsequent action of the respondent to have the effect of subjecting the appellant to the costs of his appeal, which we think was meritorious.

Therefore, the judgment of the court in sustaining the demurrer will be reversed, and the cause remanded with instructions to the lower court to overrule the demurrer to plaintiff's complaint.

SCOTT, ANDERS and STILES, JJ., concur.

HOYT, J., concurs in the result.