[No. 11354. Department Two. November 15, 1913.]

F. L. CARR, *Appellant*, v. THE CITY OF MONTESANO *et al.*, *Respondents.*[1]

APPEAL—DECISIONS REVIEWABLE — CESSATION OF CONTROVERSY — MOOT QUESTIONS. In an action to restrain the payment of a city warrant where the sole question was whether the city had exceeded its limit of indebtedness, payment of the warrant by the city treasurer, who was not made a party, determines the controversy and requires the dismissal of a pending appeal, since only a moot question was left.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered January 4, 1913, dismissing an action for equitable relief, after a trial on the merits to the court. Dismissed.

*Morgan & Brewer*, for appellant.

*O. M. Nelson,* for respondents.

MOUNT, J.—This action was brought by a taxpayer to restrain the city of Montesano and its treasurer and deputy treasurer from paying a certain city warrant which had theretofore been issued by the city to Tuttle & Maloney in payment for a certain street improvement, and to restrain the officers of the city of Montesano from incurring or attempting to incur

[1]Reported in 136 Pac. 363.

additional indebtedness until such time as the existing indebtedness should be brought within the constitutional limit of indebtedness.

It is claimed in the complaint that the city of Montesano had passed its limit of indebtedness at the time this warrant was issued, and therefore that the warrant was illegal. The city treasurer was named as a party to the action, but no service was ever made upon him, and he did not appear as a party to the action. Upon issues joined with the city, the cause was tried to the court, and upon the trial the court concluded that the city had not reached its limit of indebtedness at the time the warrant was issued, and for that reason dismissed the action. The plaintiff has appealed.

There is a showing in the record to the effect that, after judgment in the action, the city treasurer duly called the warrant in question for payment, and that the same has been paid. The respondent moves to dismiss the appeal upon the ground that the controversy has ceased. We think this motion must be sustained. It is apparent from the record that the sole question in the case was whether or not the city had reached its limit of indebtedness at the time this warrant was issued. The city treasurer was not a party to the proceeding. After the trial of the case, the warrant was duly called and paid. It is not contended that the claim upon which the warrant was issued was not a valid claim made in good faith against the city and for which the city was liable. But the sole question was whether the city had passed its limit of indebtedness, and therefore could not issue warrants in payment of its obligation. The trial court, upon a hearing of all the evidence in the case, found that the warrant was issued within the legal limit of indebtedness. Thereafter the city treasurer, who was not a party to the proceedings, called and paid the warrant.

There is no showing in the record that there are other warrants, either prior or subsequent to the date of the one in question, which might be held to have been issued in excess

of the debt limit; and if the judgment in this case might be reversed because this particular warrant was unlawfully issued, no restraining order could now issue, and it is at least doubtful if the city might recover from the payee the amount of the warrant. It is apparent, therefore, that the question of the legality of this warrant is now a moot question.

If we are required to go into the merits of the case, as was done in *Hartson v. Dale*, 9 Wash. 379, 37 Pac. 475, in order to determine whether there is merit in the appeal before passing upon the motion to dismiss, the same result must follow; for, without entering into a discussion of the questions presented, we are of the opinion that the court properly found that the city had not reached its limit of indebtedness. But we think the rule announced in that case does not control in this, because there the respondent in the action paid the outstanding warrant pending the appeal, while in this case the city treasurer, whose duty it was to call the warrant for payment when he had sufficient funds in his hands for that purpose, was not a party to the case; and not being a respondent, it was therefore clearly his duty to pay the warrant with the funds in his hands applicable thereto, which was done.

The appeal is therefore dismissed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.