N. F. SAYRE, Appellant, v. VILLAGE OF ALSEN; Board of County Commissioners; John W. Scott, County Auditor; Fred A. Thompson, County Treasurer; S. J. A. Boyd, County Superintendent of Schools, et al., Respondents.

(189 N. W. 240.)

**Appeal and error — appeal from judgment dismissing action to enjoin collection of taxes for school district and have organization declared void dismissed after taxes have been collected.**

1. Where a taxpayer has sought to enjoin the assessment, levy and collection of taxes for a Special School District, and the determination that the organization of such Special School District was illegal and void, and where the plaintiff has appealed from a judgment dismissing the action without securing a stay of the temporary injunctional order issued, whereby, pursuant to statutory law, the assessment and levy of such school taxes have been made, and the collection of the same perhaps effected, it is *held*, that the restraint of the assessment, levy, and collection of such taxes has become moot and that the determination of the legality of the organization of the Special School District can not be made, and, if made, may be ineffectual.

Opinion filed April 26, 1922.   Rehearing denied June 27, 1922.

Proceeding for injunction in District Court, Cavalier county, *Kneeshaw,* J.   Plaintiff has appealed from judgment dismissing the action and has demanded trial de novo.

Appeal dismissed.

*Flynn, Traynor* & *Traynor,* for appellant.

That suit of this nature can be brought in his own name by such tax payer is settled in this state.   Wood v. Bangs, (N. D.) 1 Dak. 179, 46 N. W. 586; Particularly at p. 588 near bottom 1st column to top p. 589; Engstad v. Dinnie, 8 N. D. 176 N. W. 292; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Fox v. Walley, 13 N. D. 610, 102 N. W. 161; McKinnon v. Robinson, 24 N. D. 367.

*Grimson* & *Snowfield,* for respondents.

Before the plaintiff can be invested with the capacity to sue he must present the matter to the attorney general and request his action therein,

and only in the case of a refusal by the official will a private suitor be heard in a court of equity for an injunction. State ex rel. Dakota Hail Ass'n. v. Carey, 2 N. D. 36, 49 N. W. 164; Carter v. State, 8 S. D. 153; 65 N. W. 422; Anderson v. DeUxrieste, 96 Cal. 404, 31 Pac. 266.

So in the tax commission case, State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, the petition brought by the members of the tax commission for a writ of mandamus in the Supreme Court was endorsed and approved by the attorney general.

As showing the requirement that a private citizen bringing a suit against a state board, as in this case, must show that his burden or taxation will thereby be increased, see the case of Sherman v. Bellows et al. (Ore.) 34 Pac. 549.

"Two questions are this way presented: first, has the plaintiff any legal capacity to sue, and second, does the complaint state facts sufficient to constitute a cause of suit. While there is an irreconcilable conflict in the decisions upon the right of a tax payer in his own name to restrain by an injunction a municipal corporation and its officers from illegally creating debts or disposing of the corporate property or funds, we think the decided weight of authority supports the doctrine that he may invoke the aid of a court of equity to obtain such relief, whenever it is made to appear that such illegal act of the corporation would increase his burden of taxation. The court here cites: Hodgeman v. Railway Co. 20 Minn. 36-48 (Gillfillan); Killard v. Comstock, 58 Wis. 565, 17 N. W. 401; Railway Co. v. Dunn, 51 Ala. 134; Springfield v. Edwards, 84 Ill. 627; McCord v. Pike (Ill.) 12 N. E. 259; Am. St. Rep. 85 and exhaustive notes.

## Statement.

BRONSON, J. The plaintiff, as a taxpayer, seeks to enjoin the assessment, levy, and collection of school taxes and to adjudge, as illegal, the proceedings had in the organization of a special school district. The record discloses the following facts: The plaintiff owns three quarter sections of land in Banner township. He is a resident, citizen, and taxpayer in such township and in Banner school district, a common school district situated within Banner township. In July, 1920, the village of Alsen was organized as a village. It comprises 30 sections of land—six in Henderson township; nine in Gordon township; nine in Storlie township; and six in Banner township. Four of these sections in Banner

townships (sections 3, 10, 11 and 12) composed a portion of Banner school district. On April 22, 1921, a petition was presented to the trustees of Alsen village requesting that the village be organized into a special school district according to § 1243, Comp. Laws 1913. Thereafter, in May, 1921, proceedings were had whereby the territory comprising Alsen village was organized into a special school dstrict of Alsen village. This served to take from Banner common school district the four sections of land above stated. On July 19, 1921, the plaintiff presented to the trial court his complaint. It alleges the facts above stated; that the proceedings for the organization of the territory of Alsen village into a special school district were illegal and void for the reason that Banner school district was deprived of four sections of land without notice and the proceedings were not had pursuant to provisions of §§ 1230—1239, C. L. 1913; that on July 16, 1921, a notice of tax levy for the benefit of Alsen special school district was filed in the county auditor's office which will be apportioned and assessed upon these four sections of land, a part of the Banner common school district; that, unless defendants be restrained, the plaintiff and other persons will suffer irreparable damage. The complaint prays that the proceedings which purport to organize the village of Alsen into a special school district be declared null and void, and the election or appointments of the officers thereof illegal; that the county auditor be restrained from assessing or levying any taxes upon the four sections of land for purposes of such special school district; that the county auditor and county treasurer be restrained from collecting any taxes for such purposes of the special school district; that defendants be restrained from any further proceedings attempting to organize the village of Alsen into a special school district; that the county superintendent and the special school district be restrained from equalizing or attempting to divide the property of the Banner school district. The defendants are the village of Alsen, the special school district of Alsen and their respective officers, the board of county commissioners, the county auditor, the county treasurer, and the county superintendent.

Upon this complaint, the trial court issued a temporary injunctional order restraining the defendants as demanded. A general demurrer was interposed which asserted lack of legal capacity to sue, lack of grounds for issuing a restraining order, impropriety of restraining public officers, and the failure to state a cause of action. Separate answers were interposed alleging, generally, the legal organization of the special

school district.  On September 7, 1921, the action was tried.  The trial court sustained the demurrer, so far as the same affected the county commissioners and the village of Alsen, upon the grounds that they were not necessary parties.  In the evidence it appears that the plaintiff had been a director of the Banner school district for some four years.  He owned no land in the district attached to the special school district.  In Banner school district there are two schools, one in section 18, and the other in section 13 adjoining a section attached to the special school  district. Plaintiff testified that, if these four sections were taken away, it would not be able to continue the school in section 13, by reason of prohibitive taxes; that the Banner school district had no debts excepting the outstanding warrants for the expenses of last year.  It further appeared in the evidence that the school tax for Banner school district for the year 1920 was approximately $1,010; that, in addition, the Great Northern Railway Sompany paid $838 to the Banner school district as school tax covering sections 3 and 11, which are included in the sections attached to the special school district.  It further appeared that all of the residents in the four sections involved preferred to belong to the Alsen special school district.  The plaintiff introduced in evidence a copy of the proceedings organizing the Alsen special school district that had been filed with the county auditor.  The clerk of Alsen village testified that such copy was not a copy of all the proceedings; that there was a petition circulated to call an election to determine the question of organizing such special school district, and a notice of election, neither of which was contained in the copy.  There was some evidence also that Alsen village was organized with the idea of later affording an opportunity to organize the territory into a special school district; that this village only contained some 30 or 40 inhabitants; that the purpose was to get better school facilities and better roads  On September 24, 1921, the trial court made its order for dismissal of the action.  Pursuant thereto, on October 3, 1921, judgment was entered dismissing the action and vacating the injunctional order.  A stay being granted the court finally on Oct. 26, 1921, dismissed the injunctional order.  On December 19, 1921, the plaintiff appealed from judgment.  In a memorandum decision the trial court found the plaintiff had failed to show all the proceedings had in the organization of the special school district; that the plaintiff was merely a taxpayer of Banner school dstrict and had no special interest in the case excepting as a taxpayer; that the court was unable to adjudge that the special school district was organized pursuant to § 1243, C. L. 1913; that accordingly the

action should be dismissed.

Plaintiff has demanded trial de novo. He contends that the village of Alsen was organized for the special purpose of permitting such organization to be used in the creation of the special school district; that the record clearly discloses that the Alsen special school district was organized pursuant to § 1243, C. L. 1913; that such section is inapplicable and would serve to permit the detaching of territory from a common school district without notice and without its consent; that §§ 1230—1239, C. L. 1913, provide for notice and for an election where it so attempted to detach territory from a common school district, and are the sections applicable.

## *Decision.*

Upon this record plaintiff's right to maintain this action depends upon his residence and status as a taxpayer in Banner school district. The gravamen of his injury alleged is the detriment to be suffered as a taxpayer. The remedy sought is restraint in the assessment, levy, and collection of school taxes through a determination of illegality of procedure in organizing a special school district. Irrespective of the propriety of his status as a plaintiff or that of some of the defendants as necessary or proper defendants in this proceeding, it is manifest, for some evident reasons, that this court, at this time, and upon this record, is not in a position to restrain the assessment, levy, or collection of the school taxes involved, or to determine the illegality of the organization of Alsen special school district. This court cannot award to the plaintiff now the relief sought. The plaintiff does not challenge the validity of the proceedings which organized Alsen as a village. After the judgment was entered herein dismissing the action, the temporary injunctional order issued by the trial court was dismissed. Plaintiff did not secure a stay thereof. He did not appeal until nearly two months after such injunctional order was dismissed. Manifestly from October, 1921, until the present time the special school district has acted and continued to act as a de facto corporation. Presumably statutory provisions with respect to the assessment and levy of taxes have been fulfilled. Accordingly the taxes concerning which complaint has been made have been levied and assessed against the individual tracts of land concerned in this proceeding. Perhaps such taxes have been paid. The time within which such payment might have been made without penalty has elapsed. The

persons in such territory involved do not complain concerning the assessment, levy, or payment of such taxes. The determination of the question whether the special school district was organized pursuant to the provisions of § 1243, C. L. 1913, or §§ 1230—1239, C. L. 1913, or the question whether such special school district could be legally organized under the provisions of said § 1243 is necessary, primarily, for the purpose of ascertaining plaintiff's right to restrain the assessment, levy, and collection of the school tax involved. Holter v. Wagoner, 32 S. D. 137, 139, 142 N. W. 175. If it be contended or conceded that these questions might still properly remain for the determination of this court without the award of the specific relief demanded, nevertheless it is apparent, upon this record, that this court, at this time, cannot with propriety so determine. The trial court has found, and there is some evidence to show, that the plaintiff failed to prove all of the proceedings had in the organization of the special school district. Further at this time the legality of this·special school district, as such, depends, not only upon the proceedings had at the time this suit was instituted, but upon any proceedings that might have occurred subsequently and up to the present time. The determination of these questions, anterior and subsequent, could not serve, at this time, as a basis for relief to the plaintiff by enjoining· the assessment, levy, or collection of the school tax, if already made. The determination of the legality of the proceedings, as shown, under § 1243, might be moot and wholly ineffectual by reason of other proceedings had either before or since the institution of this action. See Chicago, Mil. Ry. Co. v. Sioux Falls, 28 S. D. 471, 134. N. W. 49; Thompson v. Vold, 38 N. D. 569, 165 N. W. 1076; In re Kaeppler, 7 N. D. 307, 75 N. W. 253; State v. One Buick Automobile (N. D.) 185 N. W. 305, 307; Torgrinson v. School District, 14 N. D. 10, 103 N. W. 414; Barber Asphalt Paving Co. v. Hamilton, 80 Wash. 51, 141 Pac. 199; Carr v. City of Montesano, 76 Wash. 380, 136 Pac. 363; 3 C. J. 358, 360; 4 C. J. 584.

The appeal is dismissed.

Robinson, J., concurs.

Christianson, J. (concurring). Plaintiff's cause of action is predicated upon the propositon that the proceedings had· for the organization

of Alsen special school district were void.    In a memorandum decision the trial court said:

"The plaintiff has alleged that the proceedings taken by the Alsen special school district for its organization were illegal and   void,   and therefore the court holds as a matter of law that the burden of proof was upon the plaintiff to show the court all the proceedings that were taken by the Alsen special school disrtict in the organization of said special school district.   They have only seen fit to introduce the papers found with the county auditor.   The evidence in the case shows that there were other proceedings and other elections, and plaintiff did not see fit to introduce or produce them."

The court therefore concluded that the plaintiff had failed to sustain the burden of proving that the proceedings for the organization of Alsen special school district were void.   The record sustains the statement made in the memorandum opinion.   And, of course, it follows that the trial court was right in dismissing the action.


GRACE, C. J., and BIRDZELL, J., concur.