L. P. LORENTZEN, on behalf of himself and all other persons similarly situated, Appellant, v. J. A. STILES, J. C. LEACH, W. R. CIBART, as the County Commissioners of the County of Sioux, State of North Dakota, and F. B. FISKE, as County Auditor and J. R. HARMON, as County Treasurer of Sioux County, and A. U. OSTRUM, Respondents.

(189 N. W. 249)

**Appeal and error — judgment denying injunction restraining construction of court house affirmed where building has been constructed and paid for pending appeal.**

1. For reasons stated in the opinion, it is *held* that questions presented on this appeal relative to relief by injunction have become moot, the acts sought to be restrained having been completed.

An appeal from a judgment of the District court of Sioux county, *Pugh, J.*

Judgment affirmed.

*Sullivan, Hanley & Sullivan,* for appellant.

The statute is explicit that the publication must be for thirty days. In this case even counting the first and last days, it would not exceed 29 days. The statute says that the publication must be for thirty days, and under the interpretations of our court, "for thirty days" means *throughout, through, during the continuance of thirty days.* Dever v. Cornwell 10 N. D. 123, 86 N. W. 227.

It is invariably held, that such statutes, which are provided as a safeguard to the taxpayer against private rapacity and official indifference is *mandatory,* and it is held in all the cases that a failure to follow such mandatory provision makes the contract void. McCloud v. City 54 Ohio St. 439, 44 N. E. 95; Cases cited in the case of Comstock v. Eagle Grove City (Ia.) 111 N. W. 51.

"When an ordinary advertisement for sealed bids for proposals for the erection of a court house, and, after receiving, considering and rejecting all such as are presented to him, *makes changes in the plans and specifications of the proposed building, which in substantial respects vary its character and. materially affect its costs, he cannot, without further*

*advertising lawfully accept new proposals for the construction of the building and award a contract therefor."* Manly Bldg. Co. v. Newton 40 S. E. 274; 114 Ga. 245.

*Jacobsen & Murray,* for respondents.

The price of the court house is $6800.00. The vital question on this feature is can it be paid out of the annual revenue of the county for the current year, which current year began July 1st, 1921, and ends June 30th, 1922, If it can, then the plaintiff's case must absolutely fall. See § 3294, C. L. 1913; § 3280 C. L. 1913; § 3281 C. L. 1913; Boetcher v. McDowell (N. D.) 174 N. W. 759. We quote from the opinion: p. 67, Tehama County v. Sisson, (Cal.) 92 Pac. 65.

"In other words, that each year's income and revenue must pay each year's indebtedness or liability, and that no indebtedness or liability incurred in any one year shall be paid out of the income or revenue of any future year." Fritsch v. Board of Commissioners of Salt Lake Co. et al. (Utah) 47 Pac. 1026.

The language of § 3, Art. 14, Const., that no debt in excess of the taxes of the current year, shall be created, cannot be held to mean that the county may expend the entire revenue of the year, and in addition thereto create indebtedness equal to the tax levy of the year. *A debt cannot be incurred in one year and floated over to the next, and paid out of its revenue, without a vote. The indebtedness of the year must be paid out of its revenues."* Pacific Undertakers v. Widber, (Cal.) 45 Pac 273; Smilie v. Fresno County (Cal.) 44 Pac. 556.

Where a county contracts for the erection of a building, the payment to be made in installments each year as the work progressed, the debt or liability created is not the aggregate amount of such installments, but only that which arises from year to year on the separate installments; and *if the installment is within the income each year it is not illegal, under the provisions of county government act of* 1891. *(Sections 5, 35) forbidding counties to incur an indebtedness or liaiblity exceeding in any year the income and revenue provided for that year."* McBean v. City of Fresno (Cal.) 44 Pac. 358; McGowan et al. v. Ford, (Cal.) 40 Pac. 231; Smith v. Broderick, (Cal.) 40 Pac. 1033; Leavenworth Nat'l Bank v. Reilly, (Kan.) 156 Pac. 747.

It is unlawful for the county board of any county in this state to make any contracts for or incur any indebtedness against the county in

excess of the tax levied for county expenses during the current year." State ex rel. Wessel v. Weir et al., (Neb.) 49 N. W. 785; Campbell v. State, (Okla.) 99 Pac. 778.

It is a well settled general principle of law that the pendency of a prior action or suit for the same cause between the same parties in a court of competent jurisdiction, will abate a later action or suit either in the same court or in another court with the same jurisdiction." 1 C. J. 45; 1 C. J. 49; 16 N. D. 138.

Although one is not nominally or formally a party to an action, he will be concluded by the judgment therein if he was represented, as to his rights or interests in the subject-matter, by a party legally entitled to represent him, or who actually conducted the prosecution or defense on the behalf and for the benefit of such person. 23 Cyc. 1245. 23 Cyc. 1269 ¶ T.

A judgment for or against a municipal corporation, in a suit concerning a matter which is of general interest to all the citizens or taxpayers thereof, as the levy and collection of taxes, or public contracts or other obligations, or public property, its title, character, or boundaries, is *not binding, not only upon the municipality and its officer, but also upon such citizens and taxpayers in so far as concerns their rights or interest as members of the general public.*" 23 Cyc. 1269 ¶ T; McIntire v. Williamson (Kan.) 65 Pac. 244; Wood v. Bangs, (Dak.) 46 N. W. 586; See 36 N. D. 570, Will v. City of Bismarck; McKenzie v. City of Mandan, 27 N. D. 546, 160 N. W. 852; 15 C. J. 550, § 245 and 243; McQuillan on Municipal Corporations, Vol. 3, § 1213; Carpenter v. St. Paul, (Minn.) 23 Minn. 232.

Plaintiff's remedy, if any, is an action on the bond, for damages, which bond was filed pending appeal. Thompson v. Vold, (N. D.) 165 N. W. 1076.

GRACE, J. This is an appeal from a judgment of the lower court denying plaintiff a permanent injunction, prohibiting the construction of a certain jail, vault, and a building intended to serve the purpose of a courthouse in Sioux county, and the payment therefor. Prior to the time of the trial a temporary restraining order was issued.

The facts necessary to be stated follow: The county of Sioux is one of the newly organized counties of the state. Prior to and at the time this action was brought the county officials conducted the official business of

the county in a small building—an old frame building—in height one and one half stories, and in dimension 14x28 feet, owned by the Sioux County Lumber Company, and rented by the county at $25 per month. It was stipulated that the building was inadequate; that there is no vault; that there are, in lieu thereof, four cabinet safes, known as all steel safes of light character, where a portion of the county records are kept; that the necessity for a place to keep the records and to house the county officers is recognized by all; that the county has no jail; that the prisoners not giving bond are kept at Mandan, Morton county, through an arrangement with the county commissioners of that county.

On May 6, 1921, the county commissioners by resolution created a building fund to be known as the Sioux County Building Fund. On the 7th day of July, 1921, at their regular meeting, the county commissioners passed the following resolutions:

"Whereas, it was resolved by the board of county commissioners, on May 6, 1921, that a building fund be, and the same is hereby, created to be known as the Sioux County Building Fund, and that unexpended balances from such funds as are capable of transfer, after current bills and authorized expenditures, properly charged against such funds, remaining and unexpended, may be transferred to such Sioux County Building Fund, which is hereby created; and, it now appearing that there is imperative need for the building of a fireproof vault for the safety of valuable records, and that there is urgent need for a jail, as indicated in the resolution of May 6, 1921, and it further appearing that there are unexpended balances in funds as follows, to wit:

From the county sinking fund ................................................ $2,735.72
From the county interest fund ................................................ 1,677.58
From the county bond interest fund ........................................ 696.84
From the emergency fund ........................................................ 1,500.00
From the interest and penalty fund ......................................... 696.75

—and the county treasurer, J. R. Harmon, having certified in writing that all such balances are on hand, appearing upon the treasurer's ledger, June 30, 1921, at the full close of the fiscal year: Be is resolved, that all the said funds above indicated are hereby transferred to the said Sioux County Building Fund, and the county treasurer is hereby directed to so transfer all such funds, the same or so much as may be necessary of such Sioux County Building Fund to be used according to law for the build-

ing of a fireproof vault and a jail, as the board of county commissioners may contract and arrange for the building of the same.

"Motion being moved and seconded that the above and foregoing resolution be adopted, it was put to a vote and on roll call vote was as follows: J. A. Stiles, aye, J. C. Leach, aye; W. T. Cibart, no. Motion declared carried."

Thereafter eight taxpayers of the county presented a petition signed by them to Edward S. Johnson, then state's attorney, requesting him to take an appeal from the resolution; thereupon and thereafter he did, as state's attorney, take an appeal from said resolution, and made and filed a complaint in that cause in the district court of Sioux county. A copy of the notice of appeal and of the complaint are a part of this record. In that connection also an order to show cause was procured from F. T. Lembke, one of the judges of the district court of the Sixth Judicial district, in which Sioux county is situated requiring the defendant county commissioners to show cause before him at Carson, in said county, on the 20th day of July, 1921, why an injunction should not be granted restraining them permanently from proceeding with the construction of a jail at Ft. Yates, in said county, or the payment therefor, and from transferring unexpended balances of any of the funds of Sioux county into a building fund, and why any resolution calling for bids for the erection and construction of said jail should not be suspended until adjudicated on appeal.

There is also shown in the record a similar appeal on the petition of nine resident taxpayers to the district court of Sioux county from the resolution of May 6, 1921, by virtue of which the county commissioners created a building fund. The notice of appeal and complaint in that matter are a part of the record. Both such appeals are entitled in the district court, County of Sioux, a Municipal Corporation, Plaintiff, v. J. A. Stiles, J. C. Leach, and W. R. Cibart, County Commissioners of Sioux County, N. D., Defendants.

On the 20th day of July, 1921, the proceeding brought before Judge Lembke to restrain the defendants from doing any further acts or taking any further steps in the transfer of the funds referred to in the resolutions, or in constructing the jail or from doing the building referred to in the resolution, was dismissed; this left the two appeals from the resolutions of the county commissioners pending in the district court of Sioux county for trial. Subsequently, or about the 8th day of August,

1921, the plaintiff herein commenced this action against defendants to permanently enjoin the transfer of the funds above mentioned and the construction of the jail, vault, and building which the county commissioners had in the course of construction, the contract price of which was $6,878. At the time of commencing action plaintiff procured a temporary restraining order pending the trial, which was returnable August 17th. The trial was had at Ft. Yates on the 23d day of August, 1921, pursuant to the stipulation of the parties, before Judge Pugh, who made an order for judgment on the 3d day of October, dismissing the action, and judgment was entered thereon on the 10th day of October, 1921. He also gave judgment against the defendant for $88 costs. The plaintiff, desiring to appeal to the Supreme Court from the judgment, procured an order on or about September 29, 1921, directing that the restraining order theretofore made remain in force pending appeal. In connection with this appeal, he gave an undertaking in the sum of $500, conditioned that he would pay all damages which the defendants might sustain by reason of the restraining order remaining in effect; this undertaking, it appears, was not served on defendants until October 18, 1921. The notice of appeal is dated April 3, 1922.

The defendants and respondents, after the court had ordered the temporary restraining order to remain in force pending appeal, applied to the court for a dissolution of it, on condition that they enter into an undertaking in a sum to be fixed by the court to abide any final judgment that should be rendered in favor of appellant. This application was granted, and the amuont of the undertaking fixed by the court was $1,000; it was duly executed and delivered by the defendants as principals and by two sureties. The court's order in this respect, omitting title, is as follows:

"This comes up on application to vacate or modify an order approving an undertaking and fixing bond for appeal thereon, and which order heretofore made continues in force the preliminary injunction, and that application is now made to the court for a modification of that injunctional order, and for the amount of bond to be fixed by the court for the respondents pursuant to § 7833 of C. L., and that in connection therewith the affidavit of J. A. Stiles, one of the county commissioners of Sioux county is filed with the court, which affidavit is sworn to October 21, 1921, and that the records and files in the case are before the court.

"The Court: It appears to the court that the order for judgment was made on or about the 29th day of September, 1921; that at or about

said time an order was made by the court, fixing the amount of the bond necessary for the continuance of the preliminary injunction until the termination of appeal, and that it further appears to the court that said bond and the order were not served upon the defendants or their attorneys until on or about October 18, 1921, and that in the interim the county commissioners have continued the erection of the building which is the subject of this litigation, and that the walls of said building have been built up above the foundation and that the material is on the ground and that 50 per cent. of the cost of the building, as set forth in the contract therefor, has been paid to the contractor, and that the building is in such shape at this time that, if building operations are suspended, material damage will result to the county; and, it further appearing to the court that on or about the 14th day of October, 1921, at the request of the plaintiff, the amount of the appeal bond was fixed by the court, and that the court was given to understand that said action would be immediately appealed, and it appearing under § 7833 they have a right to give undertaking in such sum as may be fixed by the court for the purpose of having such injunctional order modified, the court therefore, hereby fixed said undertaking in the sum of $1,000, and, upon the filing and serving of said undertaking upon the plaintiff the injunctional order will be modified to the extent of permitting the said defendants to continue the work on said building, and that said bond be approved by the clerk of the district court."

It is clear from the record on appeal that, at the time the respondents gave the bond and procured a dissolution of the preliminary restraining order, the building was half completed and paid for, and that the material was on the ground for the completion thereof; and, it further appearing at that time the building was in such condtiion that, unless permitted to be completed, the county would suffer great damage, it is a reasonable presumption that the remainder of the building has since been completed, the contract wholly performed, and the contract price paid in full. It is now about seven months since the respondents procured the dissolution of the preliminary injunction. This left the contractor free to complete the building, as well as the county commissioners and other defendants free to proceed in the matter. There is no evidence that they have not proceeded, and the only reasonable presumption that can be indulged is that they have.

The respondents in their brief claim that the building has been completed and the money paid, and it is our recollection that their attorney

on oral argument stated likewise. Where the building is completed, or substantially so, the contract presumably wholly performed, the balance of the money in question presumably paid to the contractor or expended in the construction of the building, it is evident these acts cannot now be enjoined because they are in all probability already performed, and this record may be fairly said to show as much.

It is very clear in this case that the plaintiff had been dilatory in taking and perfecting his appeal. Laches, in a public matter of this character, is rarely ever justifiable, and is seldom viewed with leniency. As we view the matter, so far as this injunctional proceeding is concerned, the questions presented or intended to be presented through it have become moot; that is, the situation has become such that any relief intended to be procured by permanent injunction is not now available for the reasons we have above given. We express no opinion upon the merits. The questions involved in the two appeals to the district court must be very similar, so far as concerns the authority of the county commissioners to do the things specified in the resolutions appealed from, to the principal questions intended to be presented on the merits here. Perhaps such questions will be disposed of on their merits in the district court. It is very clear, in any event, that there is no reasonable ground upon which relief by permanent injunction, in the circumstances now existing, could be granted. Thompson v. Vold, 38 N. D. 569, 165 N. W. 1076.

It may also be well to observe that the respondents were not required to give the bond which they did, nor do we believe that bond was authorized under § 7833.

The temporary restraining order was vacated, although plaintiff did give a supersedeas bond. There is no statutory requirement in such case for a bond on the part of the respondents; they were unrestrained, and were at liberty to proceed, which they did.

The judgment appealed from 'its affirmed. Neither party shall recover any costs.


ROBINSON, J., concurs.


BRONSON, J. (concurring specially). I am of the opinion that the appeal should be dismissed because the question presented is moot through

the manner in which the injunctional order was vacated. See Sayre v. Village of Alsen (N. D.) 189 N. W. 240, and cases there cited. I am also of the opinion that the trial court did not err in dismissing the action upon its merits. See Boettcher v. McDowell, 43 N. D. 178, 174 N. W. 759.

CHRISTIANSON, J. (concurring specially). I concur in an affirmance, but am not prepared to hold that the questions involved in this case are moot. I am of the opinion that every legal question raised on this appeal is controlled by the decision of this court in Boettcher v. McDowell, 43 N. D. 178, 174 N. W. 759, and that, under the rules announced in that case, the judgment appealed from is correct.

BIRDZELL, C. J., concurs.