[No. 18699.   Department One.   February 20, 1925.]

O. L. WILLETT, *Appellant*, v. GEORGE F. RUSSELL *et al.*,
*Respondents.*[1]

APPEAL (102)—RIGHT TO APPEAL—CESSATION OF CONTROVERSY. An
appeal from an order denying a restraining order will be dismissed
on the ground of cessation of the controversy where no supersedeas
was taken and, pending the appeal, the city completed the work
which was sought to be enjoined.

Appeal from a judgment of the superior court for
King county, Smith, J., entered August 15, 1923, in
favor of the defendants, in an action for an injunction,
tried to the court.   Dismissed.

*John A. Soule,* for appellant.

*Thomas J. L. Kennedy* and *Edwin C. Ewing,* for re-
spondents.

PARKER, J.—The plaintiff, Willett, commenced this
action on July 26, 1923, in the superior court for King
county, seeking an injunction restraining the defend-
ants, city officials of the city of Seattle, from proceed-
ing with the construction and incurring the expense of
a power sub-station in the city as an addition and bet-
terment of its municipal light and power plant.   The
only relief sought is purely injunctive and preventive
in its nature; the plaintiff's claim of relief being rested
upon the theory that the city officials did not make
proper preliminary estimates and publication thereof
with reference to the proposed work as prescribed by
ch. 183, Laws of 1923, p. 609 [Rem. 1923 Sup.;
§10322-1.]   No restraining order or temporary injunc-
tion staying the hands of the city officials while the ac-
tion was pending was issued, and upon a hearing the
superior court denied the injunctive relief prayed for

[1]Reported in 233 Pac. 293.

and rendered final judgment accordingly, from which the plaintiff has appealed to this court.

Before the appeal was ready for hearing in this court, it was uncontrovertibly made to appear to us that the city officials, being at all times left free to proceed, there being no restraining order or temporary injunction, proceeded with the work and acts sought to be enjoined, to their completion. Manifestly, therefore, there is now nothing to enjoin and the controversy, for all practical purposes, has ceased to exist. Upon this ground respondents move this court to dismiss the appeal. Should we proceed to dispose of the cause upon the merits, it is now manifest that we would be but deciding a moot question. Because of this condition, repeated decisions of this court call for the granting of a motion to dismiss the appeal. See: *Wilson v. Fraser,* 67 Wash. 347, 121 Pac. 829; *Carr v. Montesano,* 76 Wash. 380, 136 Pac. 363; *Vollman v. Industrial Workers of the World,* 79 Wash. 192, 140 Pac. 337; *Barber Asphalt Paving Co. v. Hamilton,* 80 Wash. 51, 141 Pac. 199; and our other decisions therein cited.

The appeal is dismissed.

TOLMAN, C. J., BRIDGES, MITCHELL, and MAIN, JJ., concur.