[No. 20583. Department One. August 23, 1927.]

BELLINGHAM AMERICAN PUBLISHING COMPANY, Appellant, v. BELLINGHAM PUBLISHING COMPANY et al., Respondents.[1]

[1] APPEAL (291-1) — STATEMENT OF FACTS — SUPPLEMENTAL STATEMENT. Where the controversy has ceased pending an appeal, that fact may be shown by a supplemental transcript and statement of facts.

[2] INJUNCTION (45)—ACTIONS — PARTIES PLAINTIFF — PERSONS AGGRIEVED—TAXPAYERS. A taxpayer's complaint to enjoin the letting of contract for public printing at 40 cents an inch when a lower bid at 18 cents was submitted, is properly dismissed, where, upon another call for bids, a contract was let at 15 cents.

[3] INJUNCTION (30)—MUNICIPAL CORPORATIONS (101, 102)—ACCEPTANCE OR REJECTION OF BIDS — COMPELLING AWARD. While the courts will restrain fraudulent or arbitrary abuse of discretion in the letting of a public contract to plaintiff's competitor, it will not compel by injunction the acceptance of plaintiff's lower bid, where the right was reserved to reject any and all bids; the motive of the officers in such case being immaterial.

[1]Reported in 258 Pac. 836.

[4] APPEAL (102)—RIGHT TO APPEAL. An appeal from a judgment, dismissing an action to restrain the arbitrary letting of a city contract to a high bidder, will be dismissed on the ground of cessation of the controversy, where, pending the appeal, the city, under its right to reject any and all bids, readvertized and let the contract to the lowest bidder.

Appeal from the judgment of the superior court for Whatcom county, Steinert, J., entered March 9, 1927, dismissing an action for an injunction, upon sustaining a demurrer to the complaint. Affirmed.

*Peringer & Thomas*, for appellant.

MAIN, J.—This action presents a controversy over which of two newspapers shall have the public printing of the city of Bellingham for the year 1927. To the complaint and supplemental complaint, a demurrer was sustained. From the judgment dismissing the action, the plaintiff appeals.

The appellant, Bellingham American Publishing Company, is a corporation and is the owner and publisher of the Bellingham American, a daily newspaper. The respondent, the Bellingham Publishing Company, is a corporation and is the owner and publisher of the Bellingham Herald, also a daily newspaper. The charter of the city of Bellingham provides that the city council shall annually "let the legal advertising to the lowest and best responsible bidder." Pursuant to this charter provision, the city council, by published notice, called for bids for the printing for the year 1927, to be received at or before eight o'clock p. m., December 20, 1926. The respondent submitted a bid of forty cents per inch. The appellant's bid was eighteen cents per inch. A resolution was passed, supported by a majority of the city council, to award the contract to the respondent. This action was immediately commenced, for the dual purpose of restraining the coun-

cil from letting the contract to the respondent and requiring it to award the contract to the appellant.

On December 27, 1926, the council reconsidered its resolution to award the city printing to the respondent and passed a resolution rejecting all bids. A new call for bids to be opened on January 10, 1927, was made. At the time for opening bids on this day, the appellant submitted a communication asserting rights under the former bid and calling attention to the suit which was pending. It also expressed a willingness to enter into a contract in accordance with its bid submitted December 20, 1926. The respondent submitted a new bid of forty cents per inch. The majority of the city council voted to continue the matter until January 17, 1927, on which date all bids were again rejected and new bids called for at a subsequent date.

After the action of the council on this date, the appellant filed a supplemental complaint in which it claimed that the members of the council were abusing their discretion and acting arbitrarily with reference to the bids. At the time of the institution of the action, a temporary restraining order was issued upon the return day, on which a hearing was held and further injunctive relief denied. After the filing of the supplemental complaint, the appellant moved in the action for injunctive relief directed against the city council. Another hearing was held, and the relief prayed for was denied.

By supplemental transcript and statement of facts brought here by the respondent, it is made to appear that, in the calls for bids, the city council reserved the right to reject any and all bids, and that, in response to the third call and on January 31, 1927, the appellant again bid eighteen cents per inch as it had on the two prior occasions, and the respondent fifteen cents per

inch.  The city council, on these bids, awarded the contract for the printing for the year 1927 to the respondent at fifteen cents per inch.

[1]  The appellant insists that it has the right to have this case determined as it stood at the time the action was instituted.  It moves that the statement of facts be stricken.  The respondent says that the controversy has now ceased, and this fact is made to appear in the statement of facts.  It cannot be doubted that, if the controversy has ceased, that fact may properly be shown by a statement of facts duly certified, brought to this court by either party.  There is much said in the briefs with reference to whether the action of the city council in rejecting the appellant's first two bids, when they were lower than the respondent's, abused its discretion and acted in an arbitrary manner.  It may be assumed, without so deciding, that, for the purpose of this case, the action of the city council was an abuse of its discretion and was arbitrary.

[2]  The appellant brought this action, both in its capacity as a taxpayer and as a bidder.  The contract ultimately having been let to the respondent for fifteen cents per inch, when the appellant's bid was eighteen cents, it would appear that, as a taxpayer, the appellant has no further ground of complaint.

[3]  The remaining question is whether the appellant, as a bidder, has at this time any legal right to complain of the action of the city council.  It will be admitted that, if the action of the city council was an abuse of discretion and arbitrary, the appellant would have the right to maintain an action prohibiting the council from awarding the contract to its competitor, but it would not have the right to compel the award of the contract to itself.  In *Times Publishing Co. v.*

*Everett,* 9 Wash. 518, 37 Pac. 695, 43 Am. St. 865, it was said:

"The generally accepted rule is, that the courts will not, by mandamus, compel a municipal corporation to enter into a contract with one who shows himself to have been the lowest bidder in a competition of this kind. [Citing authorities.] . . . On the other hand, the agents of municipal corporations must maintain themselves within the law in the matter of awarding contracts, and if through fraud or manifest error not within the discretion confided to them, they are proceeding to make a contract which will illegally cast upon taxpayers a substantially larger burden of expense than is necessary, the courts will interfere by injunction to the effect of restricting their action to proper bounds. [Citing authorities.]"

In the call for bids, the right to reject any and all bids was reserved. Under such a call, the question of the motive for rejection of bids is immaterial. The fact, if it be a fact, that the rejection was arbitrary and capricious does not present a case for injunctive relief. In the case of *Anderson v. Public Schools,* 122 Mo. 61, 27 S. W. 610, 26 L. R. A. 707, it is said:

"It is, indeed, asserted that the defendant rejected the plaintiffs' bid 'without cause, arbitrarily and capriciously, through favoritism and bias.' But, if the defendant has the absolute right to reject any and all bids, no cause of action would arise to plaintiffs because of the motive which led to the rejection of their bid. The right to reject the bids was unconditional. Defendant was entitled to exercise that right for any cause it might deem satisfactory, or even without any assignable cause. Whatever its rules or practice as to the acceptance of bids may have been, plaintiffs' rights cannot be justly held to be greater than those conferred by the published advertisement on which their bid was made. That advertisement was not an offer of a contract, but an offer to receive proposals for a contract."

[4]    Under the facts as they are made to appear by the supplemental transcript and the statement of facts, there is no longer any controversy of which the court can take cognizance. The question presented by the complaint and supplemental complaint is moot. This court, in common with others, has repeatedly held that it will not concern itself with academic questions nor hear and determine abstract questions of law, when there is no longer any controversy between the parties. *Wilson v. Fraser,* 67 Wash. 347, 121 Pac. 829; *Goetz v. Russell,* 132 Wash. 339, 232 Pac. 300; *Willett v. Russell,* 133 Wash. 88, 233 Pac. 293.

The appellant having no right to compel the acceptance of its bid, and the contract having been awarded to the respondent upon the third call, which at that time presented the lower of the two bids, there is not now existing any legal controversy between the parties. The question has become merely academic or moot. The cases of *Hartson v. Dale,* 9 Wash. 379, 37 Pac. 475; *Farnsworth v. Wilbur,* 49 Wash. 416, 95 Pac. 642, 19 L. R. A. (N. S.) 320, and *Green v. Okanogan County,* 60 Wash. 309, 111 Pac. 226, are all cases where the thing done, and which was sought to be restrained, was beyond the power of the officers or public body taking the action. The distinction between those cases and the present is that, here, the city council, having reserved the right to reject all bids, did not exceed its power when it, on the third call, awarded the contract to the respondent.

The judgment will be affirmed.

MACKINTOSH, C. J., MITCHELL, FULLERTON, and FRENCH, JJ., concur.