MEMORANDUM **
This action involves claims for relief that arise out of purported government misconduct and Martinac’s failed bid to construct car ferries for Washington State’s Department of Transportation (WSDOT) pursuant to Substitute House Bill (SHB) 1680. JM Martinac Shipbuilding Corporation (Martinac) challenges the district court’s order dismissing all of its claims against WSDOT and several of its officials. We hold that the district court properly dismissed most of Martinac’s claims, but that it erred in holding that Martinac’s defamation and commercial disparagement claims (defamation claims) could not be subject to tolling pursuant to the discovery rule. On remand, the district court should allow discovery to determine whether the discovery rule applies to Martinac’s defamation claims and whether they may proceed based on actionable statements not pro *531 tected by any governmental privilege.[1]
1. The present action is not moot because Martinac seeks damages for past conduct. Siskiyou Reg’l Eduuc. Project v. U.S. Forest Serv., 565 F.3d 545, 559 (9th Cir.2009) (internal citations omitted). Barring several exceptions not applicable here, even if a governing body repeals or amends the legislation about which the plaintiff complains, his action for damages for past conduct remains a live controversy. See, e.g. Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. 1, 551 U.S. 701, 719-20, 127 S.Ct. 2738, 168 L.Ed.2d 508 (2007).
2. Martinac’s freestanding RICO claims fail because it did not adequately plead RICO standing. “Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO.” See 18 U.S.C. § 1964(c); Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 975 (9th Cir.2008) (quoting Diaz v. Gates, 420 F.3d 897, 900 (9th Cir.2005) (en banc), cert. denied, 546 U.S. 1131, 126 S.Ct. 1069, 163 L.Ed.2d 928 (2006)). Washington does not allow suits for bid preparation costs for disgruntled bidders, and, therefore, Martinac has no RICO standing as determined by reference to state law. Peerless Food Products, Inc. v. Washington, 119 Wash.2d 584, 835 P.2d 1012, 1018-19 (1992) (en banc); see also Bellingham Am. Pub. Co. v. Bellingham Pub. Co., 145 Wash. 25, 258 P. 836, 837 (1927).
3. The district court also properly dismissed as precluded Martinac’s RICO and common law claims based on Appellees’ actions upheld as proper by a state court. See, e.g., Rains v. Washington, 100 Wash.2d 660, 674 P.2d 165, 169 (1983) (en banc). To the extent the challenged actions pre-date SHB 1680 or were not addressed in the state court ruling, they are not barred by collateral estoppel.
4. In Washington, defamation claims are subject to a two-year statute of limitations.[2] Wash. Rev.Code § 4.16.100(1). Martinac seeks to toll the statute of limitations through equitable tolling and the discovery rule. The district court properly determined that equitable tolling does not apply. Washington courts have not yet applied equitable tolling to defamation claims, and Martinac does not allege that Appellees concealed them allegedly defamatory statements or lulled Martinac into failing to timely file its claims. See, e.g., Thompson v. Wilson, 142 Wash.App. 803, 175 P.3d 1149, 1154 (Wash.Ct.App.2008).
The district court improperly concluded that the discovery rule does not apply. The discovery rule may apply to Martinac’s claims because it is unclear whether Martinac could have immediately known of the cause of its injuries. See Matter of Estates of Hibbard, 118 Wash.2d 737, 826 P.2d 690, 696 (1992) (en banc); see also Kittinger v. Boeing Co., 21 Wash.App. 484, 585 P.2d 812, 814-15 (Wash.Ct.App. 1978) (applying the discovery rule to a libel claim). Given that there is no indication *532 that Martinac participated in the meetings or chains of correspondence in which the allegedly defamatory statements were made, and neither party contends that transcripts of the meetings or copies of the letters or reports were available to Marti-nac, it is unclear when Martinac learned of its injury. What a person should have known at the time is a question of fact, with the burden on the defendant. See, e.g., August v. U.S. Bancorp, 146 Wash.App. 328, 190 P.3d 86, 93 (Wash.Ct.App.2008) (citing Mayer v. City of Seattle, 102 Wash.App. 66, 10 P.3d 408, 413 (Wash.Ct.App.2000)).
Because the district court found the claims time barred, it did not address Ap-pellees’ argument that the contested statements are absolutely privileged. See Liberty Bank of Seattle, Inc. v. Henderson, 75 Wash.App. 546, 878 P.2d 1259,1269 (Wash. Ct.App.1994). Washington provides absolute immunity for high-ranking officials who make statements that have “more than a tenuous relation to his or her official capacity.” Aitken v. Reed, 89 Wash.App. 474, 949 P.2d 441, 449 (Wash.Ct.App.1998); Stidham v. Wash., 30 Wash.App. 611, 637 P.2d 970, 972-73 (Wash.Ct.App.1981). The existence of an absolute privilege is a question of law for the court. Liberty Bank, 878 P.2d at 1269. Inferior state officers are protected only by qualified privilege, and the plaintiff may show that the speaker lost his privilege through abuse. See Wood v. Battle Ground Sch. Dist., 107 Wash.App. 550, 27 P.3d 1208, 1220 (Wash.Ct.App.2001). A privilege is abused if the speaker knows that the statement is false or shows reckless disregard for its truth or falsity — ie., actual malice. See id. Martinac concedes that MacDonald and Anderson, the ex-Secretary of Transportation and Washington State Ferries ex-Executive Director, respectively, were senior government officials entitled to absolute immunity for statements more than tenuously related to their official capacity, but contends that Zuidweg, Director of Vessel Engineering and Kuntz, Chief Financial Officer, are not.
Most of the allegedly defamatory statements that Martinac identifies include statements to the legislature, the Governor, and a legislative delegation. These statements by MacDonald are absolutely privileged. See, e.g., Wash. Rev.Code §§ 47.01.101, 47.56.030 In addition, at least two statements appear to be non-actionable opinions: MacDonald’s characterization of the Martinac proposal in his questions and Zuidweg’s claim that he did not know enough about the proposal to answer questions. In contrast, MacDonald’s statements made outside the 2003 meeting purportedly involved union representatives and unknown people in an informal setting, rather than in the course of a formal meeting with members of the Washington state government to whom MacDonald is statutorily required to report. We cannot conclude as a matter of law that these statements made in an informal setting are protected by an absolute privilege as more than tenuously connected to his official duties. The district court’s decision on the defamation claims are remanded to allow further fact-finding pursuant to the discovery rule (depending on its choice as to the RICO claims as specified in footnote 1).
5. The district court properly dismissed Martinac’s claims for intentional and wrongful interference with prospective economic advantage and civil conspiracy to commit the same. As discussed above, because Martinac cannot seek money damages for its bid preparation costs under Peerless, its wrongful interference claims were properly dismissed. See, e.g., See Pac. Nw. Shooting Park Ass’n v. City of Sequim, 158 Wash.2d 342, 144 P.3d 276, *533 281 n. 2 (2006) (listing the elements of wrongful interference).
6. The district court properly dismissed Martinac’s fraud claims and properly exercised its discretion to decline to retain jurisdiction over them. Even if the Peerless line of cases did not bar Martinac from collecting damages related to the SHB 1680 bid process and bidding activities undertaken prior to SHB 1680’s enactment, Martinac’s fraud claims fail because Martinac does not adequately plead reliance. Kirkham v. Smith, 106 Wash.App. 177, 23 P.3d 10, 13 (Wash.Ct.App.2001) (listing the elements of fraud). Specifically, at no point does Martinac plead that it developed its 130-car ferry based on WSDOT’s representations. In addition, the district court did not abuse its discretion in declining to retain any fraud claims that might be properly repleaded. A district court may properly decline supplemental jurisdiction once it has dismissed all claims over which it had original jurisdiction (here, the RICO claims). See 28 U.S.C. § 1367; Dream Palace v. County of Maricopa, 384 F.3d 990, 1022 (9th Cir. 2004). If, however, Martinac does have viable defamation claims, the district court should consider whether these allow standing for RICO purposes and whether this holding changes the district court’s discretionary determination regarding Martinac’s request to replead the fraud claims.
7. The district court properly dismissed Martinac’s negligence claims for failure to plead that Appellees’ actions created a special relationship with Martinac. See Babcock v. Mason County Fire Disk No. 6, 144 Wash.2d 774, 30 P.3d 1261, 1267, 1269-70 (2001) (en banc).
AFFIRMED as to all claims except the defamation claims which are REVERSED AND REMANDED for further proceedings consistent with this memorandum.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the RICO claims may survive based on injury related to the defamation claims, the district court may decide whether RICO claims may proceed on this basis and decline to exercise supplemental jurisdiction if they may not. Alternatively, it should retain jurisdiction and make further findings on the defamation claims before addressing the possible surviving RICO claims.

. Neither party nor the district court made a meaningful distinction between the commercial disparagement and defamation claims, and this Memorandum will treat them identically.