[No. 6995.   Decided May 11, 1908.]

E. L. FARNSWORTH, *Respondent*, v. TOWN OF WILBUR *et al.*, *Appellants.*[1]

INJUNCTIONS—RELIEF—ACTS ALREADY PERFORMED—JUDGMENT—FORM—PLEADINGS—AMENDMENT. In an action to enjoin the council and officers of a town from compromising and satisfying a judgment, a judgment enjoining the acts is irregular where it appears that the acts have already been performed; and the court should, on its appearing that the plaintiff is entitled to relief, give judgment setting aside the compromise and satisfaction, allowing the pleadings to be, or considering them, amended to conform to the proofs.

MUNICIPAL CORPORATIONS — COUNCIL — POWER TO COMPROMISE — CLAIM—INJUNCTION. A town council has no authority to compromise and satisfy a valuable judgment in favor of the town by accepting from the judgment debtors a small sum, and will be enjoined from so doing at the suit of a taxpayer.

Appeal from a judgment of the superior court for Lincoln county, Warren, J., entered March 20, 1907, upon an agreed statement of facts, granting an injunction to prevent a city and its officers from compromising a judgment entered in favor of a municipality. Modified.

*E. F. Scarborough* and *Neal, Sessions & Myers*, for appellants.

*Merritt, Hibschman, Oswald & Merritt*, for respondent.

[1]Reported in 95 Pac. 642.

FULLERTON, J.—This is an action for injunctive relief. It was tried upon the following agreed statement of facts:

"(1) That the town of Wilbur is a municipal corporation of the state of Washington, organized and existing as a city of the fourth class under and by virtue of the laws of the said state relative to municipal corporations.

"(2) That the defendants. L. Lewis, W. W. Howells, F. T. Bump, W. J. Browne and James A. Muir are the duly elected, qualified and acting members of the town council of the town of Wilbur.

"(3) That the defendant Peder Faldborg is the duly elected, qualified and acting Town Treasurer of said Town of Wilbur.

"(4) That on or about the 13th day of March, 1906, judgment was entered by the superior court of the state of Washington in and for the county of Lincoln, in an action wherein the defendant the town of Wilbur, was the plaintiff, and wherein one J. E. Nave, one E. H. Lewis and one C. A. Person were defendants, for the sum of One Thousand Dollars and costs, and that thereafter the said J. E. Nave, E. H. Lewis and C. A. Person duly appealed to the supreme court of the state of Washington from the judgment aforesaid. That on the 9th day of October, 1906, the said appeal was by the said supreme court dismissed, and that the said judgment was at the time of the dismissal of the appeal a valid, legal and binding claim against the said J. E. Nave, E. H. Lewis and C. A. Person to which there was no further defense of any nature, and said judgment still remains a valid, legal and binding claim against said defendants J. E. Nave, E. H. Lewis and C. A. Person, unless it has been satisfied, settled and discharged by reason of the facts hereinafter set forth, and that no part thereof has been paid except the sum of $290.95, as hereinafter set forth. That an execution has been issued by the clerk of the superior court of the state of Washington for said county upon the judgment aforesaid, and that said execution is now in the hands of the sheriff of Lincoln county for the satisfaction of said judgment.

"(5) That on the 21st day of November, 1906, at a regular meeting of the town council of the town of Wilbur, composed of the defendants L. Lewis, W. W. Howells, F. T.

Bump, W. J. Browne and James A. Muir, a resolution was introduced, seconded and passed by the said defendants to the effect that the said judgment should be satisfied and discharged upon the payment by the said defendants in the action wherein the judgment was entered of the costs and expenses therein incurred by the said town of Wilbur, aggregating the sum of $290.95, and that the said town council and the defendants above named as members of the said council, then and there agreed with the said J. E. Nave, E. H. Lewis and C. A. Person to accept from them in full satisfaction of the said judgment as a full discharge of all their liability to the said town of Wilbur under said judgment, the sum above referred to and amounting to $290.95 as aforesaid.

"(6) That the said J. E. Nave, E. H. Lewis and C. A. Person in pursuance of the resolution of the said town council of the said town of Wilbur, hereinbefore mentioned, paid to the treasurer of said town, and the treasurer accepted from the said defendants the sum of $200, and the said defendants paid to the clerk of the above named court, the sum of $90.75 in full satisfaction and discharge of the said judgment, and thereafter the treasurer of the said town council of the said town of Wilbur, paid the said sum of $200 into the treasury of the said town of Wilbur, which was thereafter used and expended by said town in its usual and ordinary course of business, and that the said town council of the said town of Wilbur has instructed the sheriff of Lincoln county, Washington, not to proceed under the execution placed in his hands, referred to in paragraph 5 of the plaintiff's complaint herein.

"(7) That the plaintiff is a resident and taxpayer of the said town of Wilbur and pays annually to the said town of Wilbur large sums of money as taxes, and that the said settlement of the said judgment by the defendant as hereinbefore mentioned, will increase the taxes of this plaintiff and all other taxpayers of the said town of Wilbur to the extent of the reduction made on this judgment by said town council.

"(8) That the said J. E. Nave, E. H. Lewis and C. A. Person are the owners of property in Lincoln county, not exempt from execution of the value of at least twelve hundred dollars."

On the facts so stipulated the trial court held that the town council was without power to settle and satisfy the judg-

ment on the terms recited in the resolution, and entered a de-
cree as follows:

"It is ordered, adjudged and decreed that the defendants
L. Lewis, W. W. Howell, F. T. Bump, W. J. Browne, James
A. Muir and Peder Faldborg, and their successors and each
and all of them be, and they are hereby perpetually enjoined
from making any settlement with J. E. Nave, E. H. Lewis
and C. A. Person upon the judgment and claim involved in
this action for any sum whatsoever less than the full amount
due to said town of Wilbur under said judgment; that they
and their successors and each of them be perpetually enjoined
from carrying out the agreement made with said Nave, Lewis
and Person for the settlement of said judgment for less than
is due thereon to the defendant, the town of Wilbur; that they
and each of them and their successors in office be, and they are
hereby perpetually enjoined and restrained from interfering
in any manner whatsoever with the sheriff of Lincoln county
in his efforts or attempts to proceed under the execution issued
in said action; and that the said town of Wilbur, the town
council of said town, the defendants above mentioned as
councilmen and their successors in office be and they are hereby
required and commanded to have an execution issued on the
said judgment and to take all other necessary steps and pro-
ceedings to collect in full all sums due to said town of Wilbur
under and by virtue of said judgment against J. E. Nave, E.
H. Lewis and C. A. Person, and that they proceed immediately
to collect for the said town of Wilbur and pay into the treas-
ury of said town all sums due to said town in and by virtue
of said judgment, to which defendant excepts and exception
allowed."

From the judgment so entered the town and its officers appeal.

In this court the appellants make two principal contentions:
first, that the court was without power to enjoin a transaction
that the proofs showed had been then committed; and second,
that a municipal corporation in this state has power and au-
thority to compromise and satisfy a final judgment in its
favor by taking a part for the whole even though the judg-
ment debtor has property out of which the judgment can be
made on execution.

The judgment is irregular. The acts which the appellants were enjoined from committing were performed at the time the judgment was entered, as fully and completely as the parties were capable of performing them, and the proper judgment would have been one vacating and setting aside the attempted compromise and settlement, and restraining the parties from carrying out the agreement. Such a judgment is within the powers of the superior court to enter when sitting as a court of equity. The powers of the court to grant injunctive relief are mandatory as well as prohibitive. It may by its mandate compel the undoing of those acts that have been illegally done, as well as it may by its prohibitive powers restrain the doing of illegal acts. Nor was it material in this case that the complaint asked for preventive relief rather than for a mandatory injunction vacating and setting aside what had been done. The plaintiff based his complaint for relief on the facts then in his possession. He did not know that the acts contemplated had been consummated. After the facts developed he was entitled to amend his complaint so as to make the pleadings and proofs correspond, had objection been then taken as to its sufficiency. No such objection having been taken, this court will treat it as sufficient.

The second contention is of more difficulty, but we think the court rightly held that the attempted settlement was beyond the powers of the town council. It is true the council has the exclusive management of the fiscal affairs of the town, and must be accorded a somewhat wide discretion as to the manner in which it will conduct such affairs, yet we think this power does not enable them to give up to third persons the actual property of the town. No doubt the town council may legally compromise doubtful or disputed claims where they act in good faith and with ordinary discretion, but they cannot under the guise of a compromise surrender up valuable rights or claims over which there is no longer room for a substantial controversy. Such an attempt is a gift rather than

a settlement of a doubtful or disputed claim, and gifts to private individuals are beyond the powers of the town.

For the irregularity first mentioned, however, the judgment must be reversed, with instructions to modify it in the particulars mentioned. It will be so ordered.

HADLEY, C. J., CROW, MOUNT, and RUDKIN, JJ., concur.