No. 34,043

The State of Kansas, ex rel. Alfred Williams, County Attorney of Pratt County, *Appellee*, v. The City of Pratt et al., *Appellants*.

(85 P. 2d 10)

Opinion filed December 10, 1938.

*M. C. Bucklin,* of Pratt, for the appellants.
*Alfred Williams,* county attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: The defendant city and its officers appeal from a judgment enjoining the city from compromising and settling certain judgments held by it against individuals, as hereafter mentioned.

In April, 1931, the city of Pratt, Kan., hereafter called the city, had on deposit in the Citizens State Bank the sum of $117,000. To secure the city the bank gave to the city its bond in the sum of $200,000 signed by six sureties whose liability was not limited, and by nine others who limited their liability to $10,000 each, and by seven others who limited their liability to $5,000 each. In October, 1931, the bank failed, at which time the city's deposit amounted to about $67,000. Suit was brought on the bond and on November 14, 1932, judgment was rendered for the city for $71,376.46, and as to the bondsmen was limited according to their several liabilities under the bond. From time to time dividends were paid by the receiver of the bank and at the time this action was filed, on February 11, 1938, there remained due on the judgment $34,035.65 as

principal and $20,258.37 as interest. At that date the bank was still in liquidation, the receiver having unliquidated assets totaling $126,873.37, in which the city will participate. The percentage of the city's claim as against the total assets is not shown. On December 30, 1937, the governing body of the city adopted a resolution authorizing the city attorney to negotiate a settlement with the judgment debtors, except the bank, for not less than $13,500, the resolution being adopted after those judgment debtors had proposed such a compromise and settlement.

The plaintiff's petition, setting up the facts, alleged that the above judgments are just, legal, and binding obligations and that the city is without legal right or authority to compromise the judgment debt or to discharge and release the judgments for other than the full amounts due thereon, and that it should be enjoined from so doing. The city's answer admitted most of the facts alleged in the petition, and denied that the proposed settlement was beyond its power, but, to the contrary, alleged it was entered into in good faith, for and on behalf of the city, and with the intent and purpose of promoting its best interests, in that while the judgment when rendered constituted a good, valid and subsisting claim against the judgment debtors, at all times subsequent a major number of the debtors were then and are now execution proof, and that the remaining judgment debtors do not have sufficient property free from prior lien and subject to execution to satisfy the judgment, and that by reason thereof a settlement and compromise of the judgment is not only within the power and authority of the city, but is justified in the premises.

The cause was submitted on an agreed statement of facts, which included many of the allegations of the petition as above noted. It is agreed that the several judgment debtors do not have sufficient property free from prior lien and subject to execution to satisfy the judgment. The judgment against J. E. Whitman was for $5,324.17. It is agreed the assessed value of his property is $66,500, including a homestead valued at $5,900 and encumbered in the amount of $41,150, leaving a net value of $19,450. The judgment against W. C. Banbury was for the full amount of $71,736.46. The assessed value of his property is $19,910, including a homestead of $4,480, and subject to a judgment lien of $5,206.97, and unpaid taxes of $170.50, leaving a net value of $10,052.53. The judgment against Herbert Alkins was for $10,648.33. His property is assessed at $17,-795.95, encumbered by mortgages of $14,258, and unpaid taxes of

$1,847, leaving a net value of $1,690.95. The judgment against S. P. Gebhart was for $10,648.33. He is dead (date of death not shown). He left property assessed at $21,230, including a homestead valued at $7,865, mortgage encumbrance of $3,500 and unpaid taxes amounting to $1,912.09, and showing a net value of $7,952.91. Without specifying further, it may be said the statement shows none of the other judgment debtors have property in which they have any equity or which is subject to execution.

The trial court found the plaintiff was entitled to the relief sought and enjoined the city from settling, compromising or discharging the judgment of November 14, 1932, for less than the amount due on it. The defendants' motion for a new trial was denied, and they appeal.

In their briefs the parties discuss their contentions from somewhat different angles. Appellants' contention is the financial condition of the judgment debtors is such the judgment cannot be collected as a whole, and that it is good business and to the interest of the city to accept a substantial part of the judgment in satisfaction of the whole insofar as the sureties are concerned. The appellee's position is that because a majority of the judgment debtors who were sureties may be financially irresponsible does not justify a settlement with those able to respond.

Essentially the question is whether the governing body of a municipal corporation, acting in good faith and as it deems is conducive to the interests of the municipality, may compromise and settle for less than its face value, a series of judgments, all a part of one principal judgment, none of which judgments has been appealed from and all of which are final and conclusive. It is to be borne in mind the proposed compromise does not include the judgment against the debtor primarily liable.

In their briefs, neither party directs our attention to any applicable statute, nor to any decision of this court. Our own research does not disclose any decisions of this court closely analogous. There seems to be no statute specifically dealing with the power of a city to compromise any judgment due to it. By G. S. 1935, 12-101, each city of this state is a body corporate, with power to sue and be sued and to make any order pertaining to its personal property that "may be deemed conducive to the interests of the city." Under the statute with reference to second-class cities (of which class the defendant city is one), it is provided the governing body shall have

the care, management and control of the city and its finances (G. S. 1935, 14-401). Except with reference to taxation, there seems to be no statutory authority for any municipal corporation to enter into any compromise of claims due to it, and this exception applies to counties and not to cities.

Our attention is directed to 19 R. C. L. 775 (Municipal Corporations, § 80), wherein it is said in part:

"The power of a municipal corporation to settle or compromise claims is well established. The general power to compromise doubtful and disputed claims is necessarily incident to the power to sue and the liability to be sued. . . . A municipal corporation cannot compromise a claim against it after it has been adjudicated to be invalid. . . . If there is a bona fide dispute as to the liability or the amount due, the municipality may accept less than the full amount of its claim by way of compromise, but a municipality cannot waive a portion of an amount due it when there is no question as to the liability of the debtor or his ability to pay merely because the claim seems a harsh one. It has been held that after a claim has been reduced to judgment the municipality cannot lawfully accept less than the full amount, for the claim is then no longer doubtful or disputed. This rule, however, is not always to be followed. It is true that where a claim has been reduced to judgment, all questions pertaining to the rightfulness of the claim have been adjudicated. But questions may arise subsequent to the rendition of the judgment, and where they are of such a character as to render a compromise expedient, it is manifest that the municipality ought to have the power to make it. If, for instance, the financial condition of the judgment debtor is such that the municipal authorities are unable to discover any way of collecting any part of the judgment, they should have the power to accept a part in satisfaction of the whole, if in their judgment the best interests of the municipality would thereby be promoted. So, also, a judgment in favor of a municipal corporation may be released on part payment thereof if the defendant has appealed or has a right to appeal."

To similar effect are statements from 6 McQuillan on Municipal Corporations, 2d ed. Revised, p. 647 *et seq.*, § 2643, as follows:

"Unless forbidden by charter or general law applicable, a municipal or other public corporation has power to settle and compromise disputed claims in its favor or against it before or after suit has been begun thereon, and at any time before final judgment. Where an appeal is taken from a judgment in favor of a municipal corporation, or the time for appeal has not expired, the action is still pending and is as much a proper subject of compromise as if no judgment had been rendered.

"The capacity to contract and be contracted with, and to sue and be sued gives the implied power to settle disputed claims, controversies and matters in litigation. But a municipality has no power to compromise a claim which is not doubtful and upon which the city could not be held liable. A settlement for less than the amount due is an unlawful diversion of public money to private use. In other words, a municipal corporation cannot, under the

guise of a compromise, surrender valuable rights or interests in claims over which there can be no substantial controversy. Accordingly, notwithstanding the right of settlement follows logically from the right to maintain and defend suits, a municipal corporation has no right to discharge a debt without payment which may be held against persons who are solvent and responsible where no controversy exists respecting the validity and binding effect of the indebtedness.

". . . For like reason a municipal corporation cannot compromise a judgment in its favor for less than the amount due thereon. But in event questions arise subsequent to the rendition of the judgment which would render a compromise expedient, it has been held, the municipality may enter into the same if it acts in good faith."

One of the leading cases on the question is *Farnsworth v. Wilbur*, 49 Wash. 416, 95 Pac. 642, 19 L. R. A., n. s., 320, the headnotes to which recite:

"Upon a petition to enjoin a town from carrying out an illegal contract consisting of the satisfaction without consideration of a judgment recovered by it, which has in fact been done, a court of equity may set aside the satisfaction and restrain the parties from carrying out the agreement.

"A town council has no authority to satisfy a judgment obtained by the town upon payment of the costs of the action, since such satisfaction is in fact a gift to the judgment debtor which the council has no power to make." (¶¶ 2, 3.)

And see the note on the right of a municipality to surrender a valid claim upon a partial payment thereof in the L. R. A. citation.

In *People v. Holten*, 287 Ill. 225, 122 N. E. 540, it is stated in the headnotes that:

"Where taxpayers of a city and town on behalf of themselves and all other taxpayers sued a treasurer and collector for taxes which he had collected but not accounted for, and the sureties on his bond were solvent, etc., *held*, that the municipality could not bring an independent action against the collector and sureties, and compromise the claim for payment of much less than the amount due, for that would be an unlawful diversion of a public money to a private use." (¶ 2.)

An annotation on the power of a city to compromise claims may be found in 105 A. L. R. 170, and on page 178 there is treated the right to make compromise after judgment, where it is said:

"Courts generally, but not invariably, have held that the compromise of a judgment in favor of a city, town, or county, made within the time for taking an appeal therefrom, is valid and within the power of such municipality or its officials."

In all of the above citations wherein it is stated the municipality may compromise a final unappealed-from judgment, two cases seem

to be relied on. One is *Collins v. Welch*, 58 Ia. 72, 12 N. W. 121, where it was held that a board of supervisors had a right to compromise a judgment for unpaid taxes, it being held the board has such power by virtue of a statute giving them the care and management of the property and business of the county in all cases where no other provision was made. In the opinion it was said:

"It is true that where a claim has been reduced to judgment all questions pertaining to the rightfulness of the claim have been adjudicated. But questions may arise subsequent to the rendition of the judgment, and where they are of such a character as to render a compromise expedient, it is manifest that the board ought to have the power to make it. Suppose, for instance, that the financial condition of the judgment debtor is such that the board is unable to discover any way of collecting any part of the judgment. The board should have the power to accept a part in satisfaction of the whole, if, in its judgment, the best interests of the county would thereby be promoted. All rules of business conduct by which a prudent person is governed are applicable to a county in the management of its affairs under similar circumstances." (p. 73.)

Notwithstanding that statement, it refused to go into the question of fact as to solvency of the judgment debtor, saying the question before it was one of jurisdiction. The inconsistency is pointed out in a dissenting opinion.

The other case is *Hogler v. Kelly*, 14 N. D. 218, 103 N. W. 629, which also involved the right to compromise or assign a judgment for taxes. As we understand the reasoning of the case, it is this: The county board had a right to abate and compromise taxes where the collection of them was doubtful and that right continued after judgment taken.

It thus appears that the cases generally relied on as supporting the right of a municipality to compromise a final judgment are quite limited in their effect, and if the question before us was the right of a county to compromise a judgment for unpaid taxes, they would be persuasive.

We do not believe the statutes quoted above are authority for the city to compromise the judgment, and for that matter they are not relied on by the appellants. Under those statutes, the city is only authorized to exercise delegated powers or those necessarily implied. They do not confer a blanket authority to do that which is not positively prohibited.

The statement of facts includes one that no provision has been made in the city's budget to pay costs and taxes necessarily to be

paid in event of forced sale. That statement must be read as though the city would be the successful bidder. We recognize that on execution sale there may not be bidders for an amount that will exceed the amount offered in settlement, but that is merely conjecture.

It may be further noted that the statement of facts limits the financial showing of the judgment debtors to what the tax records of Pratt county show.

Neither can we agree that the judgment against the principal debtor and the judgments against all the sureties should be considered as a unit so that it may be said the judgment debtors are insolvent. Some of them undoubtedly are, but it would appear that the judgment against judgment debtor Whitman could be collected in full.

We have no disposition to interfere and should not interfere with the governing body of any municipal corporation in its management of its fiscal affairs, so long as its judgment with respect thereto is fairly and in good faith exercised, but it has no judgment to exercise and there can be no good faith when what is attempted to be done is not either expressly or impliedly authorized by statute. The general effect of the proposed compromise will be to dispose of the city's property without as full compensation as may be procured from following the usual processes of the law in levying execution on the judgments. The city is not warranted in taking less from some able to pay because others equally or proportionately liable are financially irresponsible.

The judgment of the lower court is affirmed.

HARVEY, J., not sitting.