[No. 9203-1-I.   Division One.   June 7, 1982.]

THE TOWN OF NORTH BONNEVILLE, *Appellant,* v. BENCOR
CORPORATION OF AMERICA, ET AL, *Respondents.*

*James J. Mason,* for appellant.

*Steven C. Marshall* and *Jane Noland,* for respondents.

JAMES, J.—The Town of North Bonneville appeals a summary judgment for Bencor Corporation and Petrifond Foundation in which Bencor/Petrifond's payment of $28,507.53 was held to be an accord and satisfaction of a $33,781.39 tax liability imposed by the Town. We reverse the summary judgment and remand for trial.

The Town of North Bonneville (hereafter Town) imposed an excise tax on the gross proceeds of businesses within its boundaries. Bencor/Petrifond (hereafter Bencor) disputed the requirement and refused to pay the tax. The Town filed suit to collect the tax. Bencor then attempted to settle the tax dispute, first for $20,000, then for $27,500.

These offers to compromise were declined by the Town.

Soon after the last offer to compromise was refused, Bencor sent a check for $28,507.53 to the Town. This was the principal amount of taxes assessed, without penalties and interest of $5,273.86. The check bore the notation, "Payment in full B & O taxes." In a letter accompanying the check, Bencor stated the money was paid under protest and that Bencor was not waiving its right to reimbursement. The Town sued Bencor to collect the unpaid delinquent penalties and interest.

The trial court granted Bencor's motion for summary judgment, finding that the Town's acceptance of the check for $28,507.53 was sufficient to constitute an accord and satisfaction of Bencor's tax obligation. The Town appeals, presenting one issue: whether a check for less than the full amount of business and occupation taxes levied by a city will constitute an accord and satisfaction of the entire tax liability when the check is marked as "payment in full," and is cashed by the city.

The elements of an accord and satisfaction are (1) a debtor tenders payment (2) on a disputed claim, (3) communicates that the payment is intended as full satisfaction of the disputed claim, and (4) the creditor accepts the payment. *Department of Fisheries v. J–Z Sales Corp.,* 25 Wn. App. 671, 610 P.2d 390 (1980). Bencor contends all these requirements were met when it paid its disputed tax claim with the notation, "Payment in full", and the payment was accepted by the Town with full understanding of Bencor's intention.

The Town contends the doctrine of accord and satisfaction does not apply to tax collections, citing the general rule that a tax claim may not be compromised absent specific statutory authorization. 17 E. McQuillin, *Municipal Corporations* § 48.17 (3d rev. ed. 1968).

We have been cited no Washington case in point, but other jurisdictions have held a municipality has no power to compromise tax disputes absent express statutory authorization. *In re Tax Rolls,* 102 F. Supp. 785, 787 (D.

Alaska 1952); *see Logan City v. Allen,* 86 Utah 375, 44 P.2d 1085 (1935); 16 E. McQuillin, *Municipal Corporations* § 44.129 (3d rev. ed. 1979) and 17 E. McQuillin, *Municipal Corporations* § 48.17 (3d rev. ed. 1968). A city may compromise contract disputes, *Warburton v. Tacoma Sch. Dist. 10,* 55 Wn.2d 746, 350 P.2d 161 (1960), but will be enjoined from accepting less than the full amount in compromise of a judgment. *Farnsworth v. Wilbur,* 49 Wash. 416, 95 P. 642 (1908).

In *Monroe Logging Co. v. Department of Labor & Indus.,* 21 Wn.2d 800, 153 P.2d 511 (1944), it is held that acceptance of checks by the Department of Labor and Industries for less than the premium actually owed did not satisfy the taxpayer's obligation. The court stated at page 803:

> The premiums payable for industrial insurance are excise taxes. That an administrative officer has no power to waive the collection of taxes provided for by legislative enactment, is elementary.

(Citations omitted.)

We hold that no accord and satisfaction was possible under these circumstances. Municipal officers cannot compromise or release taxes except as specifically authorized by law. 16 E. McQuillin, *Municipal Corporations* § 44.129 (3d rev. ed. 1979).

■ Additionally, the facts in this case show no accord and satisfaction occurred. The Town had declined two previous offers to compromise and had stated in the last letter communicating its refusal: "The Town does not wish to compromise this matter, assuming that it may legally do so." Bencor then forwarded its check for $28,507.53 as "[p]ayment in full" of the $33,781.39 tax liability, while stating in the covering letter that the payment was under protest. Payment under protest reserved Bencor's right to contest the original liability. This is inconsistent with the claim of payment as accord and satisfaction. *Department of Fisheries v. J–Z Sales Corp., supra* at 681–82.

Bencor stated its intention in the cover letter, and that

intent was not to offer an accord and satisfaction, but to pay the tax under protest. The Town's acceptance of the check was acceptance of partial payment under protest in accordance with Bencor's stated intention. No accord and satisfaction eliminated Bencor's liability for taxes assessed by the Town.

Reversed and remanded.

DURHAM, A.C.J., and CALLOW, J., concur.