[No. 1344.    Decided September 4, 1894.]

TIMES PUBLISHING COMPANY, *Appellant*, v. THE CITY OF EVERETT *et al.*, *Respondents*.

MUNICIPAL CORPORATION — CONTRACTS — AWARD TO HIGHEST BID-DER — INJUNCTION BY COMPETITOR AND TAXPAYER — PLEADING — MANDAMUS.

Although the complaint in an action may be an attempt to improperly join a cause of action for mandamus and one for injunction, yet a demurrer for misjoinder will not lie, provided the complaint, which is not separated into separate counts or causes of action, but is a continuous statement of facts, states a good cause of action for the injunction and shows no grounds for relief by mandamus.

A municipal corporation cannot be compelled by mandamus to enter into a contract with one who shows himself to have been the lowest bidder in response to a call for bids for doing the city advertising.

Where, through fraud or manifest error not within the discretion confided to the agents of a municipal corporation, they are proceeding to make a contract which will illegally cast upon taxpayers a substantially larger burden of expense than is necessary, the courts will interfere by injunction for the purpose of restricting their action within legal bounds.

Although, under a statute requiring a contract for city advertising to be let to the lowest bidder, there may be some discretion of a judicial character reposed in the city council for determining what is the lowest and best bid, yet, in order to prevent interference

by injunction, the city council should judicially find the facts which in its judgment render the apparently lowest bid not the lowest and best in fact.

The fact that the plaintiff, in an action to enjoin the letting of a contract for the city printing, has ulterior motives in prosecuting the suit, beyond his direct interest in the controversy as a taxpayer, will not necessarily disqualify him as plaintiff.

*Appeal from Superior Court, Snohomish County.*

*Church & Akerman,* for appellant.

*II. D. Cooley* (*N. D. Walling,* of counsel), for respondents.

The opinion of the court was delivered by

STILES, J. — Gen. Stat., § 649, provides that in cities of the third class the council shall annually, at a stated time, contract for doing all city printing and advertising, which contract shall be let to the lowest bidder; advertising to be done in a newspaper printed and published in such city. The city of Everett, by ordinance No. 3, fixed the stated time as April 1; required that the newspaper must have been published at least one year before the date of contract, and that the contractor must give bond as the council might determine; and directed the city clerk to give notice, by publication, of the annual letting.

Pursuant to this ordinance the clerk gave a notice that bids for the city advertising would be received at a certain time. The notice stated no particulars of what would be required in the way of advertising, or how the bids should be framed. At the proper time two bids were presented, one by appellant and one by James N. Bradley. Appellant's bid was for solid nonpareil at twenty-five cents per inch for the first insertion and fifteen cents for subsequent insertions. Bradley's bid was for the same kind of type at one dollar per inch for the first and fifty cents for each subsequent insertion. Other propositions of the two bid-

ders were substantially the same, except that Bradley offered that if the contract were awarded to him he would publish the official proceedings of the council free of cost to the city, and the city delinquent tax list at the rate of five cents for each description.

The council awarded the contract to Bradley by resolution, declaring him to be the "lowest and best bidder therefor." There was no other finding concerning either of the bids. Appellant, in its complaint, shows these facts, and that a contract based upon his bid has been entered into between the city and Bradley; and also that it is a taxpayer in the city of Everett. The object of the action, as stated in the prayer, is to enjoin the performance of the contract, and to require the city to enter into a contract with itself as the lowest bidder for the advertising.

Four grounds of demurrer were alleged: (1) No jurisdiction of the subject matter. (2) Defect of parties, in that the individual members of the council were not made defendants. (3) Several causes of action improperly joined. (4) Not sufficient facts to constitute a cause of action.

We are not advised upon which of the grounds the court sustained the demurrer, but only the last two are argued here.

As to the third, it is urged that the appellant is seeking relief in a dual capacity, and inconsistent relief at that. As a taxpayer it would enjoin the performance of the contract on the ground of its illegality, and because, by reason of the high price agreed to be paid for advertising in face of the lower bid, it will suffer wrong in excessive taxation. In this capacity, it has no interest in its own bid, and the result of the suit would be a new letting of the contract. But as bidder its object is to secure a contract for itself, based upon its low bid, and it has no concern whether the city go on with the Bradley contract or not. There is no question but that the complaint was framed with the

double purpose of enjoining the defendants at the suit of a taxpayer, and of procuring a mandamus for its own benefit as a bidder; and the brief frankly concedes this. This was an attempt to improperly join two causes of action, to the second of which Bradley was neither a necessary nor a proper party. But if there was a statement of one good cause of action, and an attempted statement of another which called for a species of relief which would not be conceded under any state of the pleading, we think a demurrer for misjoinder ought not to lie. It must be premised that this complaint is not divided into separate counts or causes of action, but is a continuous statement of facts, only two paragraphs of which, the 21st and 27th, together with the prayer, indicate a design to claim relief other than by the injunction. Strike out such portions of the paragraphs mentioned as pertain to the appellant's prospective profits under its bid, and the prayer for a mandamus, and there will be left only a taxpayer's complaint for injunction, which, in our view, is the only sustainable cause of action.

The generally accepted rule is, that the courts will not, by mandamus, compel a municipal corporation to enter into a contract with one who shows himself to have been the lowest bidder in a competition of this kind. High, Extr. Leg. Rem., § 92; *State v. Board of Education*, 24 Wis. 683; *Kelly v. Chicago*, 62 Ill. 281; *State v. McGrath*, 91 Mo. 386 (3 S. W. 846); *Douglass v. Commonwealth*, 108 Pa. St. 559; *Madison v. Harbor Board*, 76 Md. 395 (25 Atl. 337).

The case of *Baum v. Sweeny*, 5 Wash. 712 (32 Pac. 778), is distinguishable from the foregoing citations in that the adjudication there had was upon an appeal which lay directly from the board of county commissioners to the superior court, and there was only one bid which was entitled to consideration under the statute. Added force is

given to the rule by our statute which provides that the council may reject all bids presented and re-advertise at their discretion.

On the other hand, the agents of municipal corporations must maintain themselves within the law in the matter of awarding contracts, and if through fraud or manifest error not within the discretion confided to them, they are proceeding to make a contract which will illegally cast upon taxpayers a substantially larger burden of expense than is necessary, the courts will interfere by injunction to the effect of restricting their action to proper bounds. Beach, Pub. Corp., §§ 634, 635; Dillon, Mun. Corp., § 922; *Crampton v. Zabriskie*, 101 U. S. 601; *Mayor v. Keyser*, 72 Md. 106 (19 Atl. 706); *People v. Dwyer*, 90 N. Y. 402; High, Injunctions, §§ 1251–1253.

The case of *State, ex rel. Publishing Co., v. Milligan*, 3 Wash. 144 (28 Pac. 369), in no way contravenes this rule. The sole matter of discretion there discussed was that as to whether the council of the city of Tacoma could, under the peculiar language of the city charter, contract with one who, at the time, was not the publisher of a newspaper; and all that was said upon the subject of non-interference by courts of equity was directed to that point and nothing else. And so, in this case, even under the strict language of the statute requiring the contract for advertising to be let to the lowest bidder, it must be conceded that there would be some discretion of a judicial character left to the council. A guide to the exercise of this discretion was enacted in ordinance number 3, providing that the newspaper must have been published at least one year, and that a bond should be given by the contractor. So, also, if the proposed contract were to cover many different items, bid for at different rates, and the quantities were not previously ascertained, it would take an extremely strong case to call for equitable interposition; as, also, if the bids were

for large amounts, and the differences between bids were small and inconsiderable. *Kelly v. Chicago, supra.*

The responsibility of the bidder, his experience, and his facilities for carrying out a contract, may be looked into, and an honest determination that on the whole his bid will not be, in the long run, the lowest, will be entitled to control. *Commonwealth v. Mitchell,* 82 Pa. St. 343; *Findley v. Pittsburgh,* 82 Pa. St. 351; *Douglass v. Commonwealth,* 108 Pa. St. 559.

But in every such case, in order to protect itself from interference, the contracting agent should judicially find the facts which in its judgment render the apparently lowest bid not the lowest in fact. Beach, Pub. Corp., § 698.

We have this case upon the complaint alone, and under its allegations the conclusion cannot be escaped that there was on the part of the council a gross disregard of the interests committed to it in making its award.   It found nothing but that the bid of Bradley was the lowest and best, but the complaint shows affirmatively that the appellant was in every respect qualified and competent, and was equally entitled to consideration with its competitor.   Yet, with the bidders standing upon an equal footing, the contract was awarded to that one whose bid was almost four times that of his rival, without any apparent excuse or reason but the arbitrary will of the council.   It was shown that for the previous year this printing cost about five hundred dollars, but with the same amount of work this year it will cost two thousand; a very substantial addition to the tax roll of a city of this class.

*Kimball v. Hewitt,* 2 N. Y. Supp. 697, is cited in support of the position that appellant ought not to be allowed to maintain an action of this kind, in view of the disclosure that its interest is prompted by other considerations than its liability to excessive taxation.   Examination of the opinion in that case shows several other important matters to have

entered into the decision, chief among which was that the action appeared to be in the interest of a bidder which had attempted to perpetrate a fraud on the city by withdrawing its bid, which was the lowest one made, and to recover a certified check which would have been forfeited had it refused to enter into a contract.

*Mazet v. Pittsburgh,* 137 Pa. St. 548 (20 Atl. 693), is a well considered case, holding, in effect, that if the plaintiff in cases of this kind is not a mere volunteer but has a direct and substantial interest in the controversy, as being one who is liable to be taxed, in common with the general public, for the work contracted for, his ulterior motives will not be permitted to disqualify him.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer and proceed upon the cause of action sustained.

ANDERS and SCOTT, JJ., concur.

HOYT, J., dissents.