[No. 1463. Decided November 9, 1894.]

R. H. NORTON, *Appellant, v.* THE CITY OF ROSLYN ET AL., *Respondents.*

MUNICIPAL CORPORATIONS—CONTRACT FOR CITY PRINTING—IN-' JUNCTION—PLEADING.

In an action to restrain a municipal corporation from entering into a contract for doing city printing on the ground that there was a valid subsisting contract between it and the plaintiff for the city printing, it is not necessary to allege in the complaint every step required by statute leading up to the making of the contract; but it is sufficient to allege that bids had been advertised for, and that in pursuance thereof a contract had been let and duly entered into by the city, and the person to whom the contract had been awarded.

The fact that a contract with a municipal corporation to do the city printing has been assigned to a third party will not authorize the city to make a new contract with other parties for the work, after the city has allowed the original contract to remain in force, and the assignee has performed work and received pay thereunder with its knowledge of the assignment. (STILES, J., dissents.)

*Appeal from Superior Court, Kittitas County.*

*Pruyn & Ready,* for appellant.

*Wager & Graves* and *Ralph Kauffman,* for respondents.

The opinion of the court was delivered by

HOYT, J.—This action was brought to restrain the City of Roslyn and its Board of Trustees, from letting a contract

for the advertising and printing of the city, from November 16, 1893. Among other allegations of the complaint was one to the effect that the City of Roslyn had, in June, 1893, let a contract for the advertising and printing of the city for the year ending June, 1894, to the Roslyn News, and its proprietors, and that such proprietors had entered upon the performance of the work required of them by the city in pursuance of the contract so let. That the plaintiff had succeeded by lease, to the plant of the Roslyn News, and by assignment of its proprietors to their rights in the contract in question. That he had continued, and was continuing the publication of such paper, and had done work under said contract for the city, and presented bills therefor, which were audited by the common council and paid.

There were other allegations of the complaint necessary to constitute a cause of action. At least we shall assume that the complaint contained the other necessary allegations, for the reason that the objections thereto, as stated in the brief of the respondents, are all founded upon the insufficiency of the allegations above specified. There is, in addition to the objections founded upon these allegations, a general one, which raises the question of the jurisdiction of courts of equity to interfere with municipal corporations in relation to their transaction of business of the kind set out in the complaint, but it is not necessary to say more in reference thereto than that it has been determined by this court adversely to the contention of respondents. See *Times Publishing Co. v. City of Everett*, 9 Wash. 518 (37 Pac. 695).

The first objection which goes to specific parts of the complaint is that there is no sufficient statement therein to show that the contract upon which the rights of the plaintiff are ounded was entered into with the formalities required by statute, and that without these allegations it is not made to appear that plaintiff has any rights founded upon a legal contract with the city. We think, however, that it was not necessary to allege in the complaint every step which led up to the making of the contract. It was sufficient to allege that bids had been advertised for, and that in pursuance

thereof a contract had been let and duly entered into by the city, and the person to whom the contract was awarded. So much appearing, the presumption as to the rightfulness of the action of public officers will obtain in aid of the complaint, and until the contrary appears it will be presumed that the contract was entered into in pursuance of the statute. The plaintiff alleged that the city had entered into a contract under which he claimed rights, and this was all that was necessary to warrant the court in presuming that the contract was a legal one.

The other objection grows out of the fact that the ownership of the paper in which the advertising was to be done had changed, and that the rights of the proprietors under the contract had been assigned. The first part of this objection is not sustained by the allegations of the complaint. It does not appear therefrom that there has been any change in the ownership of the paper, or of the plant. It only appears that the same had been leased to the plaintiff. It does appear, however, that the proprietors of the paper had assigned their interest in the contract, to the plaintiff, at the same time requiring of him a contract with security, that he would discharge the obligations resting upon them thereunder. It appeared from the allegations of the complaint that the form of the bid, and of the acceptance thereof by the council, as preliminary to the execution of the contract, had particular reference to the Roslyn News as the basis of the contract, and that it was with this paper, through its proprietors, that the contract was entered into. It further appears that this same paper was yet being published in such a way as to enable the work to be performed through it by its present proprietors as fully as it could have been under its former ones. If, immediately upon transfer of the paper and the assignment of the contract, action had been taken by the city to cancel it on that account, there might be ground for claiming that it was no longer in force, but it appears from the allegations of the complaint that no such action was taken by the city. On the contrary it appears that the contract was allowed to remain in full force and apparently

binding upon the city and the plaintiff, as owner of the Roslyn News, and that certain work under the contract was performed by him to the knowledge of the respondents. We are, therefore, of the opinion, that if there was any technical ground upon which the contract could have been declared forfeited by reason of the acts above set forth, the right to declare such forfeiture was waived.

Other questions in relation to the rights of the parties growing out of the allegations of the complaint were discussed by counsel, but we do not think it proper that we should enter into an investigation thereof upon the record before us. The only question presented by the appeal is as to whether or not the court below rightly sustained a demurrer to the complaint, and having determined that it committed error in so doing, we shall content ourselves with reversing the judgment, and remanding the cause with instructions to overrule the demurrer.

DUNBAR, C. J. and SCOTT, J., concur.

STILES, J. (*dissenting*). I do not think a contract of this kind assignable, unless it is so provided in terms, and therefore dissent.