[No. 1703. Decided March 22, 1895.]

FENTON H. GOSS, *Appellant*, v. THE STATE CAPITOL
COMMISSION, *Respondent*.

CAPITOL COMMISSIONERS — CONTRACT FOR STATE CAPITOL — RIGHT TO RE-
JECT BIDS.

A discretionary power is conferred upon the board of state capitol
commissioners, under Laws 1893, p. 466, § 7, to reject all bids called
for by them for the construction of a state capitol building; and
although the courts may be entitled to some control over the exercise
of such discretion, they are not warranted in interfering upon the
rejection of all bids and the issuance of a new call prescribing differ-
ent conditions.

*Appeal from Superior Court, Thurston County.*

*Parsons, Corell & Parsons*, for appellant:

On the point that the board could not arbitrarily re-
ject appellant's bid, but must have exercised the dis-
cretion vested in it in the matter of awarding the
contract to the lowest bidder, counsel for appellant cite
*People v. Contracting Board*, 46 Barb. 254; *Boren v.
Commissioners*, 21 Ohio St. 311; *Beaver v. Trustees
Blind Asylum*, 19 Ohio St. 97; *People v Commissioners*,
4 Neb. 150; *Baum v. Sweeny*, 5 Wash. 712; *State v.
Allen*, 8 Wash. 168; *Times Publishing Co. v. Everett*, 9
Wash. 518.

*James A. Haight*, Assistant Attorney General, for re-
spondents:

Statutes requiring contracts to be let to the lowest
bidder are for the benefit of the state, not of the bidder.
The mere proposal of the bidder confers on him no
right. Otherwise the board would be obliged to ac-
cept the lowest bid, no matter how high. High, Extr.
Leg. Rem. § 92; *State v. Board of Education*, 24 Wis.

683; *People v. Contracting Board*, 33 N. Y. 382; *People v. Croton Aqueduct Board*, 26 Barb. 240; *People v. Croton Aqueduct Board*, 49 Barb. 259; *Commonwealth v. Mitchell*, 82 Pa. St. 343; *People v. Smith*, 12 Abb. Pr. 133; *Walsh v. Mayor*, 113 N. Y. 142; *East River, etc., Co. v. Donnelly*, 93 N. Y. 557; *State v. McGrath*, 91 Mo. 386; *Arkansas Democrat Co. v. Press Printing Co.*, 57 Ark. 322; *Madison v. Harbor Board*, 76 Md. 395. Even where the statute gives no express power to reject all bids and re-advertise, the board have the right to do so. *Walsh v. Mayor*, 113 N. Y. 142. Even in the absence of a statute permitting boards to do so, they may reject bids for the purpose of changing plans. *People v. Croton Aqueduct Board*, 49 Barb. 259; *Keogh v. Wilmington*, 4 Del. Ch. 491.

The law reserves the right to the board to reject all bids and re-advertise. What right has a bidder under a bid that has been rightfully rejected? *Kelly v. Chicago*, 62 Ill. 279. Even where the law requires the contract to be let to the lowest bidder and gives the board no express power to reject bids, yet if in the advertisement it reserves the right to reject any and all bids, no bidder can complain if his bid is rejected. As to him, the right of rejection can be arbitrarily executed. *Hanlin v. Ind. District*, 66 Iowa, 69; *State v. Directors*, 5 Ohio St. 234; *Douglass v. Commonwealth*, 108 Pa. St. 559; *People v. Supervisors*, 42 Hun, 456; *Keogh v. Wilmington*, 4 Del. Ch. 491.

The opinion of the court was delivered by

Scott, J.—This is an action brought to restrain the board of state capitol commissioners from entering into a contract with Moffatt Brothers for the erection of the foundation and basement of the new state capitol.

On September 12, 1894, said board issued a call for bids for said work according to plans and specifications then on file in its office.   The call was duly advertised for thirty days and, according to its provisions, the bids received were opened October 15, 1894.   Twenty-two bids were received; one by Lillis & Tucker was several thousand dollars lower than any of the others, and they were found by the board to be the lowest responsible bidders and their bid was accepted accordingly.   On the 27th day of said month said Lillis & Tucker notified the board of their refusal to enter into a contract in conformity with their bids and to execute the contractor's bond required of them, and thereupon the board rejected all bids and made a new call for bids, which call contained the following provision not contained in the first call:

" Blank forms of the contract and bond which the successful bidder will be required to enter into are on file with the plans and specifications at the office of the architect, which contract and bond the successful bidder will be required to execute at once upon the acceptance of his bid by the commission."

The bond contained a provision for the protection of mechanics and material men, as is required by § 2415, Gen. Stat.  The specifications were also amended so as to include storm sheds to cover the structure and secure certain minor changes in the work.

A number of bids were received under the second call on November 8th, the day specified therein.   Said Moffatt Bros. were the lowest bidders at this time and were adjudged to be the lowest responsible bidders. This action was brought before the award under the second call was made.   An application for a restraining order pending the action based on the complaint was denied.   On the same day, November 12, 1894,

the award was made to Moffatt Bros., who forthwith
executed the contract referred to in the call. A de-
murrer was interposed to the complaint, which was
sustained by the court, and judgment rendered thereon
against plaintiff.    This appeal was prosecuted there-
from.

Sec. 7 of the act (Laws 1893, p. 466), authorizing the
work contains the following provision:

".The bid of the lowest responsible bidder shall be
accepted, saving that the board shall have the right to
reject all bids."

A bid which was several thousand dollars lower than
appellant's bid was submitted by Flynn & Rockmark
under the first call.   It is alleged in the complaint that
this firm also failed to comply with the requirements
of the call by not tendering the bond therein required;
and it is contended that upon the failure of Lillis &
Tucker and Flynn & Rockmark to comply with the
conditions of the call, appellant was the lowest respon-
sible bidder, and that his bid should have been accepted;
and it is further alleged that he offered to execute the
contract and bond required.   It is not alleged that
Flynn & Rockmark's bid was accepted, or that they
were given any opportunity by the board to enter into
the contract and bond provided for.   Nor is it alleged
that the appellant was found to be the lowest responsi-
ble bidder.   It simply appears in substance that upon
the failure of Lillis & Tucker to comply with the con-
ditions required, the board rejected all bids and made
a new call containing the additional provisions and
changes aforesaid.

In our opinion the appellant has utterly failed to
state a case entitling him to any relief.   A discretion-
ary power was conferred upon the board to reject all
bids, and this was virtually what was done.   Conced-

ing that the discretion vested in the board is one that courts would exercise some control over, it does not appear that it was improperly exercised, or that there was any abuse thereof. The board had a right to reject all the bids and issue a new call prescribing different conditions. There was no discrimination against the appellant in this particular; the bids were all rejected. The fact that the appellant offered to perform the work under the bid first submitted by him and enter into the contract and bond as subsequently changed would not be sufficient to compel the board to enter into a contract with him. Nor would the fact that appellant offered to do the work for the sum bid by Moffatt Bros. under the second call, which was something less than $200 below the bid submitted by appellant under the first call, entitle him to such relief.

We are of the opinion that the judgment of the court was clearly right, and it is affirmed.

HOYT, C. J., and DUNBAR and ANDERS, JJ., concur.