[No. 39490.     Department One.     March 27, 1969.]

Robert L. Mottner et al., *Appellants*, v. Town of Mercer Island, *Respondent*.*

*Allen, DeGarmo & Leedy* and *Seth W. Morrison*, for appellants.

*Monheimer, Schermer, Van Fredenberg & Smith* and *David D. Hoff*, for respondent.

McGovern, J.—May 1966, the Town of Mercer Island caused an "Advertisement for Bids" to be published in its official newspaper. The stated purpose of the publication

*Reported in 452 P.2d 750.

was the solicitation of bids for the construction of a public sewer. Included within that advertisement were the following provisions:

Town of Mercer Island
Advertisement For Bids
77th Avenue S.E. & S.E. 32nd Street
Storm Sewer

Sealed Bids will be received by the Town Clerk of the Town of Mercer Island, Washington, for construction of improvements to 77th Avenue S.E. and S.E. 32nd Street *until 2:00 o'clock P.M., P.D.T., on the 20th day of May, 1966,* at the Town Hall, 2255 North Mercer Way, Mercer Island, Washington, at which time all bids will be publicly opened and read aloud.

. . . .

*Bids shall be in accordance with the Plans and Specifications for the project which are on file at the Town Hall* . . . .

. . . .

The right is reserved to reject any and all bids and to waive informalities in the bidding. Special attention will be directed to the qualifications of bidders when considering the award of this Contract.

Contained within the plans and specifications referred to in the advertisement was an instruction for bidders that stated:

IB-9. Acceptance of Proposal. The Owner [Town of Mercer Island] reserves the privilege of rejecting all bids and not making an award. The award of the Contract, if made by the Owner, will be made to the qualified Bidder submitting the lowest and best bid, but the Owner shall determine, at his own discretion, whether a Bidder is qualified to perform the Contract and what bid is the lowest and best and whether it is to the interest of the Owner to accept the bid.

In response to that published advertisement, plaintiffs and others submitted their bids within the prescribed period of time. They were publicly opened at the time designated in the advertisement and plaintiffs' bid of $34,897 was the lowest of those submitted.

Subsequently, at about 4 p.m. on the same day, the town mayor went to the Mercer Island Post Office and picked up an envelope containing a bid by Eerkes Contracting, Inc., in the sum of $31,948.70. It had been mailed from Mount Vernon on the preceding day and received at the Mercer Island Post Office about noon on the day in question.

June 6, 1966, at a regular meeting, with plaintiffs and their attorney in attendance and participating, the city council of the Town of Mercer Island considered all bids as submitted and thereafter made the following findings:

(1) That there was no fraud or dishonesty involved on behalf of Eerkes Contracting, Inc.; (2) That Eerkes Contracting, Inc. had acted in a prudent manner in mailing its bid the day before; (3) That the bid was delayed in the mail; (4) That the 2:00 P.M. date in the bid advertisement was a mere formality which could be waived under circumstances such as this; (5) That the Eerkes bid was a responsive bid and was the lowest bid received.

The Eerkes Contracting, Inc. bid was then accepted as the lowest bid for the project.

Plaintiffs thereupon initiated this lawsuit, contending: (1) that the city's advertisement constituted an offer to contract; (2) that the offer was accepted by them; (3) that the city failed to perform as required by that contract; and (4) that plaintiffs were thereby damaged. The sole prayer for relief was for damages in the sum of $13,000 plus interest.

The defendant city's answer was in the form of a general denial. It also affirmatively alleged that the plaintiffs were without standing to bring the action and that the complaint failed to state a claim upon which the requested relief could be granted.

Interrogatories and their answers, requests for admissions and responses thereto, affidavits and briefs were all filed and considered by the trial court when the defendant city moved for a summary judgment. This appeal was taken from the order granting that motion. We affirm. The complaint failed to state a cause of action for which damages may be awarded.

First, plaintiffs contend that the published advertisement constituted an offer to contract and that their low bid, meeting the time requirements and other essentials, amounted to an acceptance of that offer. They argue that they are, therefore, merely seeking damages for breach of that contract.

■ We are satisfied that the published advertisement was not an offer to contract, but was, instead, the solicitation of an offer. In fact, the terms of the advertisement make it perfectly clear that the defendant was only seeking offers. The invitation expressly stated that "[t]he right is reserved [by the town] to reject any and all bids"; it further advised that the town retained the right "to waive informalities in the bidding"; and it said that the town withheld the right to give particular attention to the qualifications of bidders when considering the award. Each such reservation was a material part of the invitation, inconsistent with plaintiffs' theory that the advertisement was an offer, and requires us to reject the assignment of claimed error. Generally, as here, it is the acceptance of a bid for public work which constitutes the contract, not the tender.

Plaintiffs argue that they should have the right to recover damages because the statute controlling the call for the bids in question, RCW 35.23.352, expressly states, in part, that "[t]he city council or commission of the city or town shall let the contract to the lowest responsible bidder or shall have power by resolution to reject any or all bids . . . ." They argue that theirs was the lowest responsible bid made within the required time and that since all bids were not rejected, then theirs had to be accepted. Because it was not accepted they ask for damages.

■ Plaintiffs misinterpret the purpose of that statute. Its mantle of protection was not intended to benefit the unsuccessful contractor seeking a public work contract, but rather the tax paying public from arbitrary, capricious, fraudulent conduct on the part of public officials who would favor, without legitimate cause, someone other than the low bidder. The statute, therefore, affords plaintiffs no remedy in damages.

Nor does it support a claim for reimbursement of the costs involved in preparing the bid, a recovery sometimes allowed in cases of extreme bad faith or fraud practised by the public officials. *See Heyer Prods. Co. v. United States,* 140 F. Supp. (Ct. Cl. 1956). Plaintiffs here make no claim of fraud and no evidence of such appears in the record.

▮ Plaintiffs' bid may only be considered as an offer to contract and, since it was not accepted, cannot then be the legal basis for a claim to damages. Even the motive for rejection is not a consideration when damages are sought. We still adhere to the principle adopted by this court in *Bellingham American Pub. Co. v. Bellingham Pub. Co.,* 145 Wash. 25, 29, 258 Pac. 836 (1927), wherein we said:

". . . But, if the defendant has the absolute right to reject any and all bids, no cause of action would arise to plaintiffs because of the motive which led to the rejection of their bid. The right to reject the bids was unconditional. Defendant was entitled to exercise that right for any cause it might deem satisfactory, or even without any assignable cause. Whatever its rules or practice as to the acceptance of bids may have been, plaintiffs' rights cannot be justly held to be greater than those conferred by the published advertisement on which their bid was made. That advertisement was not an offer of a contract, but an offer to receive proposals for a contract."

▮ In *Times Pub. Co. v. Everett,* 9 Wash. 518, 37 Pac. 695 (1894), we announced what we considered to be an appropriate remedy for the bidder on a public work contract who feels aggrieved by the action of the government. We reaffirmed the rule in *Bellingham American Pub. Co. v. Bellingham Pub. Co., supra,* at 29, and we now reiterate:

"The generally accepted rule is, that the courts will not, by mandamus, compel a municipal corporation to enter into a contract with one who shows himself to have been the lowest bidder in a competition of this kind. [Citing authorities.] . . . On the other hand, the agents of municipal corporations must maintain themselves within the law in the matter of awarding contracts, and if through fraud or manifest error not within the discretion confided to them, they are proceeding to make a contract which will illegally cast upon taxpayers a

580

substantially larger burden of expense than is necessary, the courts will interfere by injunction to the effect of restricting their action to proper bounds. [Citing authorities.]"

The plaintiffs did not in this action seek injunctive relief. Instead they sought a remedy that is not available to them, that is monetary damages.

For the foregoing reasons, we affirm.

FINLEY, WEAVER, and ROSELLINI, JJ., and POYHONEN, J. Pro Tem., concur.