ROBERT BUTLER, *Respondent*, v. FEDERAL WAY SCHOOL
DISTRICT NO. 210, *Appellant*.

*Merrick, Hofstedt & Lindsey* and *Gary R. Eliasen,* for appellant.

*Douglas F. Albert, P.S., Inc.,* for respondent.

CALLOW, J.—This case involves the rejection of a low bid to supply dairy goods to a public school district that was submitted by a bidder in timely fashion, yet mislaid by the school district at the time of public opening.

On July 7, 1972, the defendant school district published a call for bids for the supply of dairy products. The call for bids stated that all bids would be opened in public and

tabulated. The bids were to be received up to 2:30 p.m., July 28, 1972.

In the call for bids, the defendant school district reserved "the right to reject any and/or all bids, to split awards, and to waive informalities or irregularities in the bids or in the bidding, if the best interests of the District will be served thereby." The plaintiff submitted a bid in timely fashion. The bids were opened at the scheduled time, but the plaintiff's bid was not opened at the public opening in the presence of the other bidders. Approximately 15 minutes after the bid opening, the plaintiff called defendant school district to find out who had made the lowest bid. It was then discovered that the plaintiff's bid had been misplaced by an employee of the school district in the bid folder. Plaintiff's bid was subsequently opened and the determination was made that the Sanitary Cloverleaf Farms bid was in fact the lowest bid. All of the bids at this time became matters of public record.

The trial court's findings best set out the actions of the school board in handling the bid proceedings. Those findings state in part:

VII

That defendant's purchasing agent . . . executed a written memorandum . . . detailing the events which occurred in the bid procedure, in which in good faith he chose to waive the clerk's misplacing the Sanitary Cloverleaf Farms Inc. bid which was in the bid file, and accept the bids as submitted.

VIII

That defendant's purchasing agent, prior to making a recommendation to defendant's school board in regard to the milk bid, defendant Federal Way School District No. 210 contacted the school board attorney and received advice that the clerk's misplacing of the Sanitary Cloverleaf Farm Inc's bid which was inadvertently unopened at the public bid opening but was in possession of the school district could be waived. . . . Defendant's school board representative recommended to the defendant school board that the plaintiff's bid be accepted as plaintiff's bid was the low bid.

## IX

That on August 7, 1972 the defendant school board met and the school administration presented the bids received on the school lunchroom dairy products . . . In making the presentation it was pointed out that an irregularity occurred which could be waived. Recommendations . . . were made and it was pointed out that the legal advise [sic] offered by the school district attorney indicated that the district could award a contract on the purchase of dairy products as recommended. It was moved [and] seconded . . . that the Board of Directors accept the bids on school lunch and dairy products and make awards as recommended by the school administration . . . Prior to the directors voting on the motion, an . . . attorney for Foremost Foods, challenged the recommendations on the basis of the irregularity and indicated that Foremost Foods might seek legal action. [The attorney] requested that the bid be awarded to Foremost Foods. Following discussion among the directors and the school administration, . . . [the] original motion [was withdrawn]. It was then moved [and] seconded . . . that the Board . . . reject all bids for school lunchroom products . . . and authorize the rebidding of school lunch and dairy products for the 1972–1973 school year. Motion carried.

The plaintiff Sanitary Cloverleaf Farms protested the authorization of a second bidding, and the trial court further found:

## XIII

That the board of directors of Federal Way School District No. 210 on August 7, 1972 arbitrarily and capriciously rejected plaintiff Sanitary Cloverleaf Farm's low bid because of a possible threatened lawsuit by Foremost Foods. That such rejection is arbitrary and capricious and that under RCW 28A.58.135 good cause was not shown for rejection of any and all bids as it was not supported by any substantial evidence to support rejection for good cause.

On August 24, 1972, the second round of bids was opened, Foremost had reduced its bid to become the low bidder, and it was awarded the dairy products contract. Thereafter, Sanitary Cloverleaf Farms offered to furnish

the dairy products to the school district and indemnify the school district against any claim Foremost might make against the district. This offer was refused. The plaintiff thereafter initiated an action for damages. During the proceedings, Foremost was joined as a party but was dismissed on a motion for summary judgment. The action proceeded between Sanitary Cloverleaf Farms and the school district, and the trial court awarded judgment for $24,899.99, plus costs, in favor of the plaintiff. The defendant school district appeals.

The issues raised are (1) did the trial court lack jurisdiction to review the actions of the defendant; (2) was the school district bound by the provisions of RCW 28A.58.135;[1] (3) was the school district's right to reject any and all bids absolute; and (4) was the school district's action in rejecting the plaintiff's low bid arbitrary and capricious.

## JURISDICTION

██ The plaintiff fulfilled the statutory requirements for the submission of a bid and is recognized by the parties as the initial low bidder. Under those facts, the plaintiff has standing to challenge the award of the contract to another,

---

[1]RCW 28A.58.135 provides, in part:

"(1) When, in the opinion of the board of directors of any school district, the cost of any . . . supplies, . . . or purchases, . . . will equal or exceed the sum of thirty–five hundred dollars, complete plans and specifications for such . . . purchases shall be prepared and notice by publication given in at least one newspaper of general circulation within the district . . . of the intention to receive bids therefor and that specifications and other information may be examined at the office of the board or any other officially designated location: . . . The bids shall be in writing and shall be opened and read in public on the date and in the place named in the notice and after being opened shall be filed for public inspection.

". . .

"(3) The contract for the work or purchase shall be awarded to the lowest responsible bidder as defined in RCW 43.19.1911: *Provided*, That when bids have been solicited by telephone and there is reason to believe that the lowest acceptable bid is not the best obtainable, all bids may be rejected, and the board may call for new bids. Any or all bids may be rejected for good cause. On any work or purchase the board shall provide bidding information to any qualified bidder or his agent, requesting it in person."

allege violation of RCW 28A.58.135, and seek damages. The legality of the acts of public officials is subject to review, as well as alleged arbitrary and capricious conduct by such officials. *Reagles v. Simpson*, 72 Wn.2d 577, 434 P.2d 559 (1967); *State ex rel. Cosmopolis Consol. School Dist. 99 v. Bruno*, 59 Wn.2d 366, 367 P.2d 995 (1962). *See also Paul Sardella Constr. Co. v. Braintree Housing Auth.*, 329 N.E.2d 762 (Mass. Ct. App. 1975). The actions of state agencies and public bodies are subject to the constitutional power of the judiciary to review illegal or manifestly arbitrary and capricious actions violative of fundamental rights. *State ex. rel. Hood v. State Personnel Board*, 82 Wn.2d 396, 511 P.2d 52 (1973); *State ex. rel. DuPont–Fort Lewis School Dist. 7 v. Bruno*, 62 Wn.2d 790, 384 P.2d 608 (1963). The violation of a fundamental right must be shown for jurisdiction to be present. *Pettit v. Board of Tax Appeals*, 85 Wn.2d 646, 538 P.2d 501 (1975). The contract right of the plaintiff was a fundamental right and the plaintiff was entitled to the parties being bound to the performance of their undertaking. *See Ketcham v. King County Medical Serv. Corp.*, 81 Wn.2d 565, 502 P.2d 1197 (1972). The trial court had jurisdiction to review the actions of the school board.

## RCW 28A.58.135

RCW 28A.58.135 requires the award of a contract sent out for competitive bids "to the lowest responsible bidder." The fact that plaintiff was both a "responsible bidder" under the statute, and was the "lowest" bidder on the initial offer, is uncontroverted. The statute then states, "Any or all bids may be rejected for good cause." It is asserted by the school district that the statute's use of "may", rather than "shall", permits a school district to reject bids for other than good cause—that defendant had the right to reject bids without good cause. The defendant then claims that this provision grants it the right to reject any or all bids with or without cause, as it announced in its initial call for bids. The defendant school district cites *Mottner v.*

*Mercer Island,* 75 Wn.2d 575, 452 P.2d 750 (1969), and *Bellingham Am. Publishing Co. v. Bellingham Publishing Co.,* 145 Wash. 25, 258 P. 836 (1927), in support of this argument.

We interpret the statute differently. Statutes are to be interpreted as a whole, and in the light of the intent gleaned from examining them in their entirety to discover their meaning and purpose. *Platt Elec. Supply, Inc. v. Seattle,* 16 Wn. App. 265, 555 P.2d 421 (1976). Statutes should be construed to give them purpose and effect. *Steele v. State,* 85 Wn.2d 585, 537 P.2d 782 (1975). The intent expressed by RCW 28A.58.135 is to foster bona fide bidders in the competitive bidding system, to protect their interests, and to enable school districts to acquire the best goods at the lowest price. The construction advocated by the school district would not advance the purpose of the statute and would ignore the requirement that bids be rejected "for good cause." We cannot disregard these words of restriction on school boards. The requirement that good cause be shown before a bid can be rejected restrains the public agency from awarding contracts upon improper or illegal bases and keeps the system open, unconcealed and public. When the plaintiff satisfied the requirement for lowest responsible bidder set out in RCW 43.19.1911, and submitted a timely, proper bid deemed to be the lowest bid submitted, plaintiff had a statutory right to award of the contract, absent good cause to the contrary.

The *Mottner* case observed that the advertisement for bids therein made was not an offer to contract, but was instead the solicitation of an offer. RCW 28A.58.135 specifies that the contract *shall* be awarded to the lowest responsible bidder. The *Mottner* and *Bellingham* cases rely upon the terms of the statutes and the calls for bids therein made, which in both cases involved the unconditional right to reject bids. This is not the situation under RCW 28A.58-.135, which requires the call for bids to be couched in the form of an offer to contract with the lowest responsible bidder and grants the right to reject bids only when good

cause for rejection exists. The advertisement for bids that was made by the school board could only be made pursuant to the pertinent statute controlling the acquisition of goods by school districts. RCW 28A.58.135 controlled the conditions that could be specified in any call for bids made under its terms. The *Mottner* and *Bellingham* cases involved bid guidelines where the right to reject was stated as the right "to reject any and all bids." The language of RCW 28A.58-.135 limits the exercise of the right to rejection only "for good cause," a restriction not present in the statutes involved in the *Mottner* and *Bellingham* cases. The school district could not, by so specifying in the call for bids, remove the qualifying language present in the statute since it could conduct its bid processes only pursuant to the statute itself.

## REJECTION OF THE BID

We emphasize that there is no finding here of any intentional secretion of the bid of the plaintiff, or of any dishonesty whatsoever on the part of the school district. The evidence is that the school district acted openly and in good faith at all times. However, to determine whether an administrative agency has acted arbitrarily and capriciously, it is necessary to ascertain if it has performed its statutory functions as required by law. *State ex. rel. Cosmopolis Consol. School Dist. 99 v. Bruno,* 61 Wn.2d 461, 378 P.2d 691 (1963). Here, the school board could properly perform its statutory functions only if it had good cause to reject the plaintiff's low bid. A "good cause" is one that is reasonable under the law. The question of reasonableness is for the courts to decide. *See Kennett v. Levine,* 50 Wn.2d 212, 310 P.2d 244 (1957).

The argument offered is that since the defendant's purchasing officer and legal counsel were of the opinion that the irregularity involved in the opening of the bids should be waived, but counsel for Foremost Foods asserted that the irregularity could not be waived and that all bids

should be rejected, the school board could follow the direction of either of the two opinions and not be acting arbitrarily and capriciously. *See Buell v. Bremerton,* 80 Wn.2d 518, 495 P.2d 1358 (1972); *Bishop v. Houghton,* 69 Wn.2d 786, 420 P.2d 368 (1966). For the school board to rely upon the so–called "two opinions" doctrine, however, it is required that each opinion be based on sound reasoning and founded upon fact, for if only one opinion is in accord with existing law and supported by the record, a contrary decision by the public agency involved constitutes willful and unreasoning action. *Helland v. King County Civil Serv. Comm'n,* 84 Wn.2d 858, 529 P.2d 1058 (1975); *Stempel v. Department of Water Resources,* 82 Wn.2d 109, 508 P.2d 166 (1973). The situation confronting the school board involved the negligent late opening of the plaintiff's timely submitted, proper bid, and the threat of future legal action by another bidder. This did not constitute good cause for the rejection of the bid of the plaintiff.

 The purpose behind competitive bidding is "'to prevent fraud, collusion, favoritism, and improvidence in the administration of public business, as well as to insure that the municipality receives the best work or supplies at the most reasonable prices practicable.'" *Gostovich v. West Richland,* 75 Wn.2d 583, 587, 452 P.2d 737, 740 (1969), quoting from *Edwards v. Renton,* 67 Wn.2d 598, 602, 409 P.2d 153, 157, 33 A.L.R.3d 1154 (1965); *Platt Elec. Supply, Inc. v. Seattle,* 16 Wn. App. 265, 555 P.2d 421 (1976); 10 E. McQuillin, *Municipal Corporations* § 29.29 (3d rev. ed. 1966). Operating in conjunction with the scheme of fair competitive bidding is the rule permitting waiver of immaterial irregularities when such bids are submitted. *Gostovich v. West Richland, supra; R.W. Rhine, Inc. v. Tacoma,* 13 Wn. App. 597, 536 P.2d 677 (1975). The test of whether or not a variance, such as the belated opening of plaintiff's timely bid here, is material is whether or not the defendant's negligent belated opening gave plaintiff a substantial advantage or benefit not enjoyed by other bidders. *R.W. Rhine, Inc. v. Tacoma, supra; A.A.B. Elec., Inc. v.*

*Stevenson Public School Dist. 303,* 5 Wn. App. 887, 491 P.2d 684 (1971). Here, the irregularity gave no advantage to the plaintiff. The empty threat of legal action was likewise unimportant to the award of the dairy contract since no grounds were stated upon which suit would or could be brought.

As noted in *Gostovich v. West Richland, supra* at 587, a further purpose of public bidding is "to provide a fair forum for those interested in undertaking public projects." Bidders could not look upon the approval of proceedings such as took place here as having been conducted in a forum fair to the plaintiff, and the public could not look upon the approval of such a course of conduct as promoting the award of contracts in a forum free of the suspicion of "fraud, collusion, favoritism, and improvidence". The absence of evidence of any good cause upon which the school board could base its rejection of the plaintiff's bid requires affirmance of the award of damages to plaintiff.

Affirmed.

FARRIS, C.J., and ANDERSEN, J., concur.

Petition for rehearing denied September 27, 1977.

Review by Supreme Court pending February 3, 1978.

[No. 4009–1. Division One. April 4, 1977.]

